Commonwealth ex rel. Conrad *v.* Ashe, Warden.

PER CURIAM, October 23, 1940:

The relator in this habeas corpus proceeding presents three grounds for discharge:

1. That the indictments, which were prepared under the Act of April 15, 1907, P. L. 62, without presentation to the Grand Jury and the finding of true bills, were not signed by the District Attorney. See *Com. ex rel. Mayernick v. Ashe,* 139 Pa. Superior Ct. 421, 12 A. 2d 452.

2. That these indictments, which charged the defendant with Robbery, did not allege that he used an offensive weapon, or that any other person was with him when the robberies occurred, and, therefore, he avers, did not come within section 100 of the Criminal Code of 1860, P. L. 382, or justify a sentence of imprisonment in excess of five years.

3. That the records disclose no reason why he received a maximum sentence of five years (minimum of two and a half years) on No. 2 March Sessions, 1937, in which he was charged with having robbed Morris Greenberg of $180, on December 22, 1936, and a maximum sentence of ten years (minimum of five years) on No. 3 March Sessions 1937, in which he was charged with having robbed Solomon Marrow of $118 on December 26, 1936, to run consecutively; that he could not be sentenced as for a second offense, inasmuch as the indictment failed to charge that he had been convicted of a prior similar offense (section 182, Criminal Code of 1860, P. L. 382, p. 426).

There is no merit in any of these grounds that justifies his discharges.

(1) While, as we stated in *Com. ex rel. Mayernick v. Ashe,* supra, the Act of April 15, 1907, P. L. 62, contemplates that the District Attorney shall sign the indictments prepared under its provisions, and the practice of having a defendant plead to an 'indictment' not so signed is a bad one and should be discontinued, it

is a defect which is amendable, and where, as here, the defendant admits in his petition that he "decided to enter a plea of 'Guilty' to the alleged charges and expedite the action of the court", and he accordingly signed a plea of guilty, endorsed on the back of these 'indictments', in the following form, "the defendant within named hereby waive the finding of a True Bill by the grand inquest and enter my plea of 'guilty' to the within charge. The said plea of 'guilty' to have the same force and effect as if the same were entered in open court upon a bill of indictment regularly found by the grand inquest. (signed) Donald Conrad", the defect will be deemed amended; especially so, where, as in this case, the relator admitted having pleaded guilty to the 'indictments' in that form and the court, on January 19, 1937, endorsed the sentences on the 'indictments' and thus authenticated them as having been prepared and presented by the District Attorney.

(2) Section 100 of the Criminal Code applies not only to (1) robbery by one armed with an offensive weapon, and (2) robbery by two or more persons, but also to cases (3) where "at the same time or immediately before or after such robbery" the defendant did "beat, strike or ill use any person or do violence to such person." The indictments in these cases charged that the defendant feloniously did make an assault and did then and there feloniously beat, strike and ill use the said Morris Greenberg [or Solomon Marrow], with intent then and there to feloniously rob the said Morris Greenberg [or Solomon Marrow], and certain checks, cash and currency of the United States of the value of $180 [$118] of the goods, moneys, chattels and property of the said Morris Greenberg [Solomon Marrow] feloniously did rob, seize, steal and carry away, etc.

The indictments were clearly within the 100th section of the Code as amended by the Act of April 18, 1919, P. L. 61, and justified a maximum sentence of twenty years on each indictment.

(3)    As the sentences imposed were within the maximum prescribed by the statute, it is not material why a larger sentence was imposed in No. 3 than in No. 2. No doubt the judge had a good and sufficient reason for so doing. Neither of the sentences was imposed for a second offense under Section 182 of the Criminal Code.

The rule is discharged and the petition is denied.