## Commonwealth ex rel. Jenkins *v.* Ashe, Warden.

OPINION BY MR. JUSTICE MAXEY, April 16, 1941:

Relator was sentenced on June 1, 1937, by the Court of Quarter Sessions of Fayette County on an indictment indexed to No. 232 June Sessions, 1937, containing six different counts, each count naming a different person whom relator assaulted with attempt to kill. On each of these counts relator was sentenced to a minimum term of two years and a maximum term of four years in the Western Penitentiary, the first five sentences to be served consecutively and the last sentence to be served concurrently. This made an aggregate minimum sentence of ten years and a maximum of twenty years.

Relator claims that he was "illegally deprived of his freedom" for the following reasons: "Where there is only one indictment, containing two or more counts for separate and distinct offenses or crime, and against one defendant there can be but one judgment and sentence, and that at one time, and for the offense or offenses of which he has been convicted." Relator also complains that the indictment is null and void because it is not properly authenticated or signed by the district attorney. He also avers that the indictment is erroneous and void by reason of the fact that the prosecutor did not sign his name thereto and that since only one bill of indictment was shown to him and that no explanation or interpretation of the contents of the bill was offered to him, he was laboring under the misapprehension that he was pleading guilty to one charge of assault with attempt to kill and that there was to be only one sentence and not five sentences.

On March 17, 1941, this court granted a rule to show cause why the relator should not be discharged.

The contentions of the relator must be overruled. His first contention that there can be one judgment and sentence on an indictment containing one or more counts is not sustained by the authorities. As this court said in an opinion by Justice AGNEW in *Com. v. Birdsall*, 69 Pa. 482, that "it cannot be objected that two or more offenses of the same nature on which the same or a similar judgment may be given, are contained in different counts of the same indictment." He quotes the decision of this court in *Com. v. Gillespie*, 7 S. & R. 469, where an indictment containing nine counts charged two distinct offences. In that case Justice DUNCAN said: "These several charges as laid in the indictment are different modes of laying the same offence. But if the offences were different, separate offences, it is no objection either on demurrer or in arrest of judgment, that separate offences of the same nature are joined against the same defendant." He also cites *Harman v. Com.*, 12 S. & R. 69, in which it was

said that where two offences are charged in separate counts, if the defendant can make it appear that this mode of proceeding will embarrass his trial, the court can protect him by quashing or by compelling the prosecutor to elect.

If the indictment was not signed by the district attorney, relator waived any objection to this when he entered his plea to the indictment. It is now too late for him to raise this question. As to the failure of the prosecutor to sign the indictment, the law does not require this; all that it requires is that the name of the prosecutor be endorsed thereon. This was done here. Objections to indictments for formal defects must be taken prior to the entry of a plea. See the Act of March 31, 1860, P. L. 427, sec. 11, 19 PS 431; Sadler's Criminal Procedure in Pennsylvania, sec. 369; *Com. v. Lingle,* 120 Pa. Superior Ct. 434; *Com. v. Samson,* 76 Pa. Superior Ct. 226; and *Halderman's Petition,* 276 Pa. 1, 119 A. 735. In 14 Ruling Case Law, p. 208, sec. 52, there appears this statement: "By pleading generally to an indictment or information, it is usually held that the defendant admits its genuineness, and waives all matters that should have been pleaded in abatement." 11 Standard Pennsylvania Practice, page 99, sec. 30, sets forth, inter alia: "Where an indictment is sufficient on its face and the prisoner goes to trial thereon without objecting thereto, he cannot, after conviction, set up the insufficiency of the indictment as a ground for a writ of habeas corpus [citing *Com. v. Johnston,* 19 Pa. Superior Ct. 241]."

Relator's claim that he did not know he was pleading guilty to six different counts is of no avail. It must be presumed that when a defendant pleads guilty to an indictment exhibited to him he is aware of what he is pleading guilty to, and he cannot later be permitted to allege as a ground for his discharge from imprisonment his ignorance of the charge set forth in the indictment.

The rule to show cause why the writ of habeas corpus should not be issued in this case is discharged.