## Commonwealth ex rel. Wolcott *v.* Smith, Warden.

Opinion by Baldrige, J., December 15, 1942:

We have before us a petition for a writ of habeas corpus.

The relator James P. Wolcott, was convicted of being an accessory after the fact to a felony, to wit, burglary. He was sentenced to serve from one to two years in the Eastern Penitentiary. He contends that he is unjustly confined and unlawfully deprived of his liberty as the indictment under which he was convicted was invalid in that there was no averment therein (a) as to who committed the crime, (b) that he, as an accessory after the fact, knew the crime had been committed, or (c) that he knew who committed it, or (d) that he rendered aid to the felon.

The indictment set forth that Wolcott, the present

relator "did unlawfully, wilfully, maliciously and feloniously become an accessory after the fact to a felony, to wit, the crime of burglary, committed in the said Township of Wyalusing in said county, on the dates hereinabove set forth, involving the breaking and entering the building of the Wyalusing Hay Company, and taking, stealing and carrying away the money, goods, chattels and property of the said Wyalusing Hay Company, consisting of merchandise of the value of $50 and upwards ......"

It is not necessary for the indictment charging one with being an accessory after the fact to name the principal in the indictment. The Act of 1860, March 31, P. L. 427 §45, 18 PS §3673, expressly provides that if any person shall become an accessory after the fact he may be indicted and convicted as an accessory "whether the principal felon shall or shall not have been previously convicted or shall or shall not be amenable to justice ......" In *Commonwealth v. Minnich*, 250 Pa. 363, 95 A. 565, cited by relator, the Supreme Court held that it was error to admit the record of the conviction of Green, the alleged principal in the crime, as it did not show any judgment; that a complete record showing a final judgment is prima facie evidence of the guilt of the accused, but it held further, p. 366, that the Commonwealth is not confined to that mode of proof to establish the commission of a crime by a principal.

This court, speaking through President Judge KELLER, in *Commonwealth v. Wiswesser*, 124 Pa. Superior Ct. 251, 260, 188 A. 604, held that since the Act of 1860, supra, it is not necessary to convict the principal before the accessory can be tried and that the guilt of the principal may be proved by evidence aliunde as well as by the record of the principal's conviction. It follows that if the principal does not have to be convicted before an accessory, naming him in the indict-

ment is not a prerequisite to a conviction of one as an accessory after the fact. Nor do we find such merit to the other objections raised as to warrant the granting of the relief sought. Wolcott by entering a plea and going to trial without raising any objections waived any defects of form in the indictment. *Com. v. Lingle,* 120 Sup. 443, 436, 182 A. 802; *Com. ex rel. Jenkins v. Ashe, Warden,* 341 Pa. 334, 336, 19 A. 2d 472. The evidence was ample to sustain the conviction and established all the elements which constituted the crime charged.

The writ is refused.