## Commonwealth v. Colescott et al.

*Charles B. Jarrett,* for Commonwealth.
*Harry H. Negley,* for defendants.

SOFFEL, J., January 19, 1944.—These cases are before the court on motions ex parte defendants to quash the indictment returned at no. 411, November sessions, 1941, charging said defendants with the crime of conspiracy, and the indictment at no. 410, November sessions, 1941, charging said defendants with failure to comply with the Act of May 13, 1925, P. L. 644, and its amendments. No testimony has been taken on said motions, the application made to a prior court en banc to take testimony having been refused. The cases have been submitted to the instant court on briefs.

At the November sessions, 1941, of the grand jury the court, Judge Henry Ellenbogen presiding, upon its own motion, in a supplementary charge, instructed the grand jury to make an investigation, inter alia, of certain alleged unlawful conspiracies in violation of certain criminal statutes. After careful and thorough investigation, the grand jury, acting as an inquisitorial body, indicted James A. Colescott, Samuel G. Stauch, John V. Waite, Frank S. Fite, and Walter H. Klinzing, charging them with a common-law conspiracy "to stir up hatred and ill-will between different nationalities and religious groups, with the use of written or oral propaganda which would tend to create riots, unlawful assemblies, and public affrays among the citizens of the Commonwealth—and to impoverish certain merchants and other persons of certain nationalities, races, creeds, colors, and religious beliefs and to reduce to want the certain merchants", etc.

The investigating grand jury further indicted the same defendants for failure to comply with the Act of May 13, 1925, P. L. 644, and its amendments.

## No. 411, November sessions, 1941

We shall speak first to the indictment at no. 411, November sessions, 1941, charging common-law conspiracy.

In the year 1916, a number of citizens of the State of Georgia applied to State authorities by petition to be created into a patriotic, secret, social, benevolent, fraternal association. Having met all the requirements of State law, on July 1, 1916, they were duly incorporated and have functioned continuously since that time.

In the year 1925 this Georgia corporation made application to the Commonwealth of Pennsylvania to be registered and qualified to do business in the State. This application was accompanied by a copy of the charter granted by the State of Georgia. The Commonwealth of Pennsylvania approved said application and said corporation was duly registered and qualified and permitted to do business within the State of Pennsylvania under the name Keystone Patriotic Society.

In the year 1941 a meeting duly called by the officers of the corporation was held in the City of Pittsburgh. The meeting was restricted to the business of the organization within the Pittsburgh district and presided over by the chief officer of the corporation. Certain individuals not members of said organization attended the meeting. There were at least two such individuals. Out of the revelations made by them grew the special investigation ordered by Judge Ellenbogen.

A motion to quash is addressed to the discretion of the court, although that discretion is a judicial one to be exercised in accordance with the established rules: Sadler's Criminal Procedure (2d ed.) sec. 331; Commonwealth v. Hackney, 117 Pa. Superior Ct. 519; Commonwealth v. Green, 126 Pa. 531.

A motion to quash raises only those defects which appear on the face of the record. We are convinced that much which defendants rely upon in their motion to quash is dehors the record and therefore cannot be considered at this time.

We have examined the charge of the presiding judge addressed to the jury and are of the opinion that it contains the allegations required in such cases by the appellate courts of this Commonwealth: McNair's Petition, 324 Pa. 48; Dauphin County Grand Jury Proceedings (No. 1), 332 Pa. 289; Commonwealth v. Hubbs (No. 1), 137 Pa. Superior Ct. 229; Commonwealth v. Rhey et al., 140 Superior Ct. 340.

The language in the indictment is clear and unmistakable. Such offenses are indictable at common law as seriously affect or injure the public generally or which if permitted to continue would endanger the public safety and demoralize the proper security of the members of the public.

In the case of Commonwealth v. McHale, 97 Pa. 397, 408, Mr. Justice Paxson, in his opinion, states:

"What is a common-law offence?

"The highest authority upon this point is Blackstone. In chap. 13, of vol. 4, of Sharswood's edition, it is thus defined: 'The last species of offences which especially affect the Commonwealth are those against the public police or economy. By the public police and economy I mean the due regulation and domestic order of the kingdom, whereby the individuals of the state, like members of a well-governed family, are bound to conform their general behavior to the rules of propriety, good neighborhood and good manners, and to be decent, industrious and inoffensive in their respective stations. This head of offences must therefore be very miscellaneous, as it *comprises all such crimes as especially affect public society* . . .' "

We have examined carefully the briefs submitted and the pleadings which constitute the record in the

instant case. It is our opinion that the motion to quash is premature. Whether the rights of defendants were unconstitutionally abridged is a matter that can best be established by evidence at the trial.

Counsel for defendants argues that, because the district attorney failed to sign the indictment, which under the law he personally is required to do, the indictment is defective. Notwithstanding this, we believe the indictment to be self-sustaining. The defect alleged is a formal one which can be amended. In the case of Commonwealth ex rel. Banky v. Ashe, Warden, 142 Pa. Superior Ct. 396, 400, President Judge Keller states in his opinion:

"While all indictments, whether presented to a grand jury or prepared pursuant to the Act of 1907, supra, should be signed by the district attorney, thus authenticating them, the defect is amendable (Com. ex rel. Conrad v. Ashe, 142 Pa. Superior Ct. 254)."

For these reasons the motion to quash the indictment at no. 411, November sessions, 1941, must be refused.

### No. 410, November sessions, 1941

We come now to a consideration of the motion to quash the indictment at no. 410, November sessions, 1941. This indictment charges a violation of the Act of May 13, 1925, P. L. 644. Under this act the legislature sought to control solicitations from the public and to discriminate between worthy and unworthy causes.

Section 1 of the Act of 1925 provides as follows:

"That thirty days after the approval of this act it shall be unlawful for any person, copartnership, association, or corporation, except in accordance with the provisions of this act, to appeal to the public for donations or subscriptions in money or in other property, or to sell or offer for sale to the public any thing or object whatever to raise money, or to secure or attempt to secure money or donations or other property by promoting any public bazaar, sale, entertainment, or ex-

hibition, or by any similar means for any charitable, benevolent, or patriotic purpose, or for the purpose of ministering to the material or spiritual needs of human beings, either in the United States or elsewhere, or of relieving suffering of animals, or of inculcating patriotism, unless the appeal is authorized by and the money or other property is to be given to a corporation, copartnership, association, or individual holding a valid certificate of registration from the Department of Welfare, issued as herein provided."

It is thus apparent that the act requires the State Department of Welfare to make an investigation before a party shall be permitted to solicit funds from the public. In the instant case the solicitations were made from defendants, members of the lodge, within the lodge itself, at a private meeting of said lodge. Such a solicitation with a secret organization in the form of contributions exclusively from members of said organization is not a solicitation from the public, and does not come within the purview of the Act of 1925. Therefore, the motion to quash said indictment will be sustained.