392 A.2d 730

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Shirley BELCHER.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Oct. 20, 1978.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

In this appeal by the Commonwealth from the lower court's dismissal of simple assault and disorderly conduct charges, only one question need be answered: Is a district attorney's failure to sign an information, in counties where the indicting grand jury has been abolished, a mere formal defect which may be cured by amendment or does the absence of the signature render the purported information void *ab initio*? We agree with Judge DAVENPORT of the court below that an unsigned information is a nullity; we therefore affirm.

Appellant, the Commonwealth of Pennsylvania, contends that the district attorney's failure to sign such an information is an amendable defect.[1] The Commonwealth argues that appellee's failure to file a motion to quash the information[2] within the time limits set forth in Rules 304 and 305[3] resulted in waiver of her opportunity to challenge the informations.[4]

1.  Pennsylvania Rule of Criminal Procedure 229 authorizes the court to allow an information to be amended "when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. . . ." Pa.R.Crim.P. 229.

2.  The Act of March 31, 1860, P.L. 427, § 11, 19 P.S. § 431 apparently applies to defects in bills of information as well as in bills of indictment. *See* Pa.R.Crim.P. 232.

3.  Rules 304 and 305 were amended and renumbered by order of the Supreme Court of Pennsylvania on June 29, 1977, effective as to cases in which the information is filed on or after January 1, 1978. The new rules 306 and 307 are, therefore, not applicable in the instant case.

4.  The Commonwealth also asserts that appellee's entry of a plea of not guilty and her waiver of arraignment, *see* record at 9a, constituted waiver. It is true that the entry of a plea may result in waiver of objections that should be raised in a motion to quash. *Commonwealth ex rel. Jenkins v. Ashe*, 341 Pa. 334, 19 A.2d 472 (1941);

If we were to conclude, as appellant urges, that the lack of a signature was a curable defect in the informations, we would be compelled to find that appellee has waived her right to have the charges dismissed. *See Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975); *Commonwealth v. Williams*, 252 Pa.Super. 587, 384 A.2d 935 (1978). We are not persuaded, however, by the Commonwealth's citation of cases holding that a district attorney's failure to sign a *bill of indictment* may be remedied by amendment.[5]

A bill of indictment presented by a grand jury has indicia of reliability not bound in a bill of information. The grand jury has made an independent determination of the sufficiency of the evidence which need merely be ratified by the district attorney. In the case of a bill of information, however, it is the prosecutor alone who must decide whether to bring the defendant to trial. When the vehicle for initiating a criminal trial (i. e., the information) is unsigned, it is not at all apparent that a reasoned evaluation of the advisability of instituting a criminal trial has been made. The signature on the information is, therefore, a vital ingredient which guarantees the authenticity and reliability of the document. The requirement of Rule 225(b) that the

*Commonwealth ex rel. Koffel v. Myers*, 184 Pa.Super. 270, 133 A.2d 570 (1957). We believe, however, that the district attorney's failure to sign an information renders the information void rather than merely voidable. It is not therefore a defect which must necessarily be raised prior to trial.

5. It is true that Pa.R.Crim.P. 232 provides that the term "indictment" in any *statute* shall be construed to include the term "information." This rule applies only when the purpose to be served by the statute applies with equal force to both an indictment and an information, however. *See* Pa.R.Crim.P. 232. Furthermore, the line of cases cited by the Commonwealth all dealt with the lack of the district attorney's signature on a bill of indictment when the defendant waived presentment to the grand jury and pleaded guilty. *See, e. g. Commonwealth ex rel. Thomas v. Maroney*, 198 Pa.Super. 118, 181 A.2d 862 (1962); *Commonwealth ex rel. Conrad v. Ashe*, 142 Pa.Super. 254, 15 A.2d 926 (1940). The Act of April 15, 1907, P.L. 62, upon which these cases were based, permitted the district attorney to issue an indictment without presentment to the grand jury, but the Act required only the endorsement of the district attorney's name on the indictment, not his signature. *Commonwealth ex rel. Jenkins v. Ashe*, 341 Pa. 334, 336, 19 A.2d 472, 473 (1941).

information be signed by the attorney for the Commonwealth must, as a result, be deemed mandatory rather than merely directory.

We believe, and therefore hold, that the failure of the district attorney to sign an information renders it void, not merely voidable. Until a validly signed information is issued there is in reality no information to be quashed. In the instant case there were no charges properly before the court at the time trial was to commence. The "charges" against appellee were, therefore, properly dismissed.

Affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.