## Commonwealth v. Trygar

*Lawrence Moran,* Assistant District Attorney for the Commonwealth.

*Christopher Powell,* for the defendants.

MUNLEY, *J.,* January 4, 1980—This matter is before the court on the omnibus pretrial motions of both defendants. Although defendants have been separately indicted for unrelated offenses their

counsel raises identical questions of law on motions to quash their respective indictments, namely, whether the indictments are fatally defective for failure by the district attorney to personally sign the indictments.[1]

Without going into extensive detail the record discloses that both defendants were indicted by the same grand jury sitting during the week of October 9, 1979.[2] The name of the district attorney has been signed to the indictment by an assistant district attorney. No other signature appears on the indictment. Defendants argue that the failure by the district attorney to personally sign the indictments is a substantive and therefore non-amendable defect in the indictments and ground for quashing same.

After a careful review of the case law and statutory provisions governing the procedure for the issuance of indictments we are of the opinion that the district attorney's failure to personally sign the indictment is a formal defect at best which may be cured by amendment.

The defense argues that Rule 213(A) of the Pa.R.C.P. sets forth with particularity the requirements of the content and form of an indictment that in order for the indictment to be valid it shall be signed personally by the district attorney. Admittedly the rule does state that the attorney for the Commonwealth shall sign the indictment, yet the wording of the rule itself demonstrates that the signature is not essential to the indictments sufficiency. The rule begins by stating the indictment shall be signed and then proceeds to state, in numerical or-

---

1. Defendant Trygar has also moved to suppress certain evidence. This motion is not presently before us pending an evidentiary hearing and judgment on it is therefore reserved.

2. Monday, October 8, 1979, was a legal holiday.

der, the essential requirements of a valid and sufficient indictment. None of the requirements enumerated deals with the signature of the district attorney. We submit that the intention and purpose of the draftor of the rule is clear, and that the signature of the district attorney is not a critical or essential requirement of the indictment. While the better practice would be to require that the district attorney's name be endorsed on the indictment and countersigned by an assistant district attorney specifically authorized in writing to do so, cf. 42 Pa.C.S.A. §8931(e) and (i), the courts of this Commonwealth have consistently held that a bill of indictment presented by a grand jury has the indicia of reliability and that the signature of the District Attorney thereon is merely a ratification of the independent determination of the sufficiency of the evidence made by the grand jury, Commonwealth v. Belcher, 258 Pa. Super. 153 392 A.2d 730 1978. In Belcher, supra. the court distinguished the indictment procedure from the information procedure, and held that the district attorney's signature was a vital ingredient only in the latter instance.

This conclusion is reinforced by the Supreme Court's holding in Commonwealth ex rel. Jenkins v. Ashe, 341 Pa. 334 19 A.2d 472, (1941), that the law does not require the prosecutor to sign the indictment but only that his name be endorsed on it. This was the procedure followed here. Even where no signature appears on the indictment the defect has been held to be amendable, Commonwealth ex rel. Conrad v. Ashe, 142 Pa. Super. 254, 15 A.2d 926 (1940), and is not grounds for quashing the indictment, Commonwealth v. Whitaker, 59 Sch. L.R. 143 (1963).

For the reasons stated the motions to quash the indictment will be denied.

## ORDER

Now, this January 4, 1980, the motions to quash the indictments in the above-captioned criminal actions are denied.