454 A.2d 638

**COMMONWEALTH of Pennsylvania**

v.

**John SPENCER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 1, 1981.

Filed Dec. 30, 1982.

484

Bruce A. Carsia, Pittsburgh, for appellant.

Albert M. Nichols, District Attorney, Greensburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

PER CURIAM:

Appellant, John Spencer, was tried with a co-defendant before a judge and jury on two violations of the Controlled Substance, Drug, Device and Cosmetic Act and Conspiracy.[1]

1. 35 P.S. Sec. 780–113(a)(30); 18 Pa.C.S.A. § 903.

He was found guilty on all counts. Post-trial motions were filed and denied and appellant was sentenced to a term of imprisonment from eleven and one-half to twenty-three months with sentence suspended on the conspiracy charge. This is an appeal from the judgments of sentence.

The evidence presented at trial established that on October 12, 1978, appellant, in cooperation with one Wayne R. Kapalka, sold approximately eight grams of seven per cent cocaine to undercover Pennsylvania State Trooper Robert Gallagher. Instrumental in the case was the participation of an informant, Alexis Bailey, who testified that she directed and accompanied the trooper to appellant's home where the drug purchase occurred.

Appellant argues that his conviction should be reversed because the information filed against him was rubber-stamped with the name of the District Attorney of Westmoreland County and initialed by one of his assistants.[2] Appellant asserts that this manner of approving an Information renders it void *ab initio* because it does not ensure that the District Attorney made a "reasoned evaluation of the advisability of instituting a criminal trial" prior to the filing of the Information, citing *Commonwealth v. Belcher*, 258 Pa.Superior Ct. 153, 392 A.2d 730 (1978). In *Belcher*, this court held a District Attorney's failure to sign an information rendered it void because such failure was in derogation of Pa.R.Crim.P. 225(b) which requires the signature of the District Attorney on every information in order to guarantee its authenticity and reliability. Appellant in this case did not file a pre-trial motion to quash the informa-

2. This procedure of rubber stamping and initialing has been found to be entirely proper if the Commonwealth satisfies this Court that the authority of the District Attorney's designee to act on behalf of the District Attorney is on file in the office of the County Clerk of Courts. 42 Pa.C.S.A. § 8931(i); *Commonwealth v. Contakos*, 492 Pa. 465, 424 A.2d 1284 (1981); *Commonwealth v. Dupree*, 290 Pa.Superior Ct. 202, 434 A.2d 201 (1981); *Commonwealth v. Levenson*, 282 Pa.Superior Ct. 406, 422 A.2d 1355 (1980). However, the record of the lower court proceedings does not reflect the required proof of the deputy District Attorney's designation.

tion based on this defect. Nevertheless, in reliance on *Belcher*, he urges reversal even without such a motion.

■ Recently, our court reviewed the issue of whether failure of a District Attorney to comply with the signature requirement of Pa.R.Crim.P. 225 rendered the information void or voidable upon proper filing of a pre-trial motion to quash. In the *en banc* decision of *Commonwealth v. Veneri and Thomas*, J. 2396 & 2397/81, (1982), 306 Pa.Superior Ct. 396, 452 A.2d 784; this Court held that a defend- ant's failure to file such a pre-trial motion constitutes a waiver of his right to assert in any subsequent proceeding the impropriety in the use of a rubber stamp facsimile of the signature of the District Attorney. Pa.R.Crim.P. 306(e). In deciding that the District Attorney's signature requirement on the information of Pa.R.Crim.P. 225(b) is directory only and that its absence renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash, this Court specifically overruled *Belcher, supra*. Therefore, because appellant did not raise the impropriety of the District Attorney's signature in an appropriate pre-trial motion, we find he has waived this issue and we need not rule on the merits of his contention.[3]

Appellant next argues that his Fifth Amendment due process rights to a fair trial were violated by certain responses made by the witness-informant Alexis Bailey to questions by the Assistant District Attorney regarding her role in the case against appellant. Appellant characterizes the following exchange as giving rise to conclusions in the jurors' minds that appellant committed other crimes for which he was not then on trial.[4]

**3.** While the question of waiver has not been raised by the Commonwealth in its brief, this Court may address the issue *sua sponte*. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977).

**4.** The prohibition against such evidence of other crimes is clearly and repeatedly set forth in this Commonwealth. *Commonwealth v. Burdell*, 380 Pa. 43, 110 A.2d 193 (1955); *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975).

Q. In this case were you a paid informant of the Pennsylvania State Police?

A. Yes, I was.

Q. In connection with what is the arrangement between yourself and the Pennsylvania State Police relative to payment?

A. I don't understand your question.

Q. What did they pay you?

A. It varies upon I think depending upon the quantity of the stuff.

Q. In this case did you receive any promise of money or any money?

A. Not right away, no.

Q. At any time?

A. Yes.

Q. When, and how much?

A. I don't recall how much because it was for a couple different events.

 Almost immediately after this exchange, trial counsel for appellant's co-defendant moved for a mistrial, which the trial court denied. The denial by a trial court of a motion for mistrial is to be reviewed by the abuse of discretion standard. *Commonwealth v. Rodriguez*, 291 Pa.Superior Ct. 239, 435 A.2d 888 (1981). Because we fail to perceive how the witness-informant's testimony could impugn appellant in other criminal episodes in the eyes of the jury, we agree with the lower court's exercise of discretion.

To warrant a characterization as prejudicial, testimony must convey to the jury, either expressly or by reasonable implication, the fact of a prior criminal offense. *Commonwealth v. Riggins*, 478 Pa. 222, 386 A.2d 520 (1978); *Commonwealth v. Banks*, 454 Pa. 401, 311 A.2d 576 (1973). Prior to the cited segment of testimony, the witness-informant was asked if she was indeed a paid informant of the Pennsylvania State Police. She answered, "Sometimes,"

488

thus casting her assistance as an informant in a broader context than as relating only to the instant case. This face coupled with her unspecific reference to "a couple different events" does not lead a jury reasonably, either expressly or by implication, to infer that appellant engaged in prior criminal activity.[5]

Therefore, for the above reasons, the judgment of sentence is affirmed.

**5.** *Cf. Commonwealth v. Warner,* 277 Pa.Superior Ct. 598, 419 A.2d 1312 (1980) (this Court found as too speculative appellant's assertion that the fact of a defense witness's occupation as a probation officer when the court inadvertently made it known to the jury warranted a mistrial because of inference of prior criminal activity); *Commonwealth v. Starks,* 484 Pa. 399, 399 A.2d 353 (1979) (plurality opinion) (detective's response that he knew that defendant's nickname "from other contacts with him" did not violate proscription against other crimes).