J-S40024-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAVANNA SPENCER, | : | |
| | : | |
| Appellant | : | No. 1912 WDA 2014 |

Appeal from the PCRA Order October 10, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0000433-2013

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JULY 27, 2015**

Ravanna Spencer ("Spencer") appeals from the order of court dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  For the following reasons, we vacate and remand for further proceedings.

While incarcerated on an unrelated conviction, Spencer threw urine on a corrections officer.  He was subsequently charged with multiple offenses in relation to that incident.  On July 3, 2013, Spencer pled guilty to disorderly conduct and harassment.[1]  The matter proceeded immediately to sentencing and the trial court sentenced Spencer to six to twelve months of incarceration.[2]  At the conclusion of the plea and sentencing hearing,

---

[1] 18 Pa.C.S.A. §§ 5503(a)(4), 2709(a)(1).

[2] This is an aggravated-range sentence.  The statutory maximum is twelve months of incarceration.  **See** Guideline Sentencing Form, 7/5/13.

*Retired Senior Judge assigned to the Superior Court.

Spencer's counsel stated that Spencer waived his post-trial and appellate rights "so that he [could] be shipped back to his home prison as soon as possible." N.T., 7/3/13, at 15. There was no further mention of Spencer's purported waiver of appeal rights, in either oral or written form.

On June 9, 2014, Spencer filed a timely pro se PCRA petition. On June 16, 2014, the PCRA court appointed counsel ("Counsel"). On August 22, 2014, Counsel filed a motion seeking to withdraw from representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). In response to Counsel's **Turner/Finley** letter, Spencer sent the trial court a letter contesting Counsel's motion to withdraw, in which he argued against Counsel's conclusion that the issues he raised in his pro se petition were without merit. Spencer mailed this document to the trial court on September 8, 2014. On the same date, the PCRA court granted Counsel's petition to withdraw and issued its notice of intent to dismiss Spencer's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 notice").[3] Spencer then filed a response to the Rule 907 notice of intent to dismiss, in which he reiterated not only his defense of the issues he raised in his PCRA petition, but also raised new allegations of trial counsel ineffectiveness and

---

[3] In connection with granting Counsel's request to withdraw, the PCRA court authored a detailed opinion addressing the issues raised by Counsel in his **Turner/Finley** letter and agreeing with Counsel that they were without merit. PCRA Court Opinion, 9/8/14.

claims of Counsel's ineffectiveness. On October 10, 2014, the PCRA court denied Spencer's PCRA petition without addressing any of the claims Spencer raised for the first time in his response to the Rule 907 notice. This timely appeal follows.

Spencer raises seven issues for our review.[4] As we address them, we are mindful that "there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). "A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Id.**

Spencer raises two claims in which he alleges that the trial court lacked jurisdiction over him. Spencer's Brief at 5. As a general matter, when a defendant has pled guilty, the only claims he may bring under the PCRA relate to the validity of his plea or the legality of his sentence. **Commonwealth v. Rounsley**, 717 A.2d 537, 538 (Pa. Super. 1998) ("[A]fter a defendant has entered a plea of guilty, the only cognizable issues in a post-conviction proceeding are the validity of the plea of guilty and the legality of the sentence."). As these issues challenge the authority of the

---

[4] We have reordered these issues for purposes of our discussion.

trial court to impose Spencer's sentence, they implicate the legality of his sentence; accordingly, Spencer can raise them in a PCRA action. *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa. Super. 1998) (en banc); *Rounsley*, 717 A.2d at 538. Nonetheless, they afford him no relief.

Spencer first argues that because the district attorney did not sign the criminal complaint, it was void and therefore the case "should have been dismissed for lack of jurisdiction." Spencer's Brief at 27. Spencer cites *Commonwealth v. Belcher*, 392 A.2d 730 (Pa. Super. 1978), in support of his position. This reliance is misplaced. *Belcher* provides that the criminal information, not the criminal complaint, must be signed by a district attorney for it to be valid. *Id.* at 731.[5] Even if Spencer meant to challenge the validity of the criminal information, our review of the record reveals that the signature of a member of the Erie County District Attorney's office is clearly affixed to Spencer's criminal information. Thus, there is no merit to this claim.

Spencer also argues that the trial court lacked jurisdiction over him because Pennsylvania's constitution "lacks a savings clause permitting it to enact laws, statutes and [a] penal code." Spencer's Brief at 27. This is an

---

[5] We further note that this Court overruled *Belcher* in *Commonwealth v. Veneri,* 452 A.2d 784, 788 (Pa. Super. 1982) ("[W]e believe that *Belcher* is incorrect law and must be overruled. We instead hold that the signature requirement of Pa.R.Crim.P. 225(b) is directory only and that its absence renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash.").

argument that pro se appellants frequently raise, which we have consistently and roundly rejected. This Court recently detailed the faults in this argument and explained precisely why it is a frivolous claim in *Commonwealth v. Stultz*, 114 A.3d 865, 873-75 (Pa. Super. 2015).

We now turn to Spencer's two claims that the PCRA court erred by denying his petition without considering his allegations of Counsel's ineffectiveness. Spencer's Brief at 10.[6] As noted above, the PCRA court did not address any of the new claims that Spencer raised in his response to the Rule 907 notice. It reasoned that "as [Spencer] has had the benefit of filing a pro se petition and a review by [Counsel], he may not add new claims now apparently because he is unhappy with this Court's determination that the original claims lack merit." PCRA Court Order, 10/10/14, at n.1. The PCRA court is partially correct.

> Where the petitioner does not seek leave to amend his petition after counsel has filed a *Turner/Finley* no-merit letter, the PCRA court is under no obligation to address new issues. In contrast, where the new issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including that claim in his Rule 907 response or raising the issue while the PCRA court retains jurisdiction.

---

[6] Specifically, Spencer alleges that Counsel was ineffective for failing to raise trial counsel's ineffectiveness for (1) not filing an appeal when Spencer requested that he do so and (2) not moving to withdraw Spencer's guilty plea. Spencer's Brief at 11.

*Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. 2014) (internal citations omitted). Accordingly, Spencer properly raised claims of Counsel's ineffectiveness in his response to the Rule 907 notice. The PCRA court should have considered these before denying Spencer's petition. Accordingly, we remand this case so that the PCRA court can review and decide the issues Spencer raised regarding Counsel's ineffectiveness, including the appointment of counsel and holding an evidentiary hearing if it should determine that either issue merits a hearing.[7] *See Commonwealth v. Johnson*, 64 A.3d 622, 623-24 (Pa. 2014) (holding that PCRA court improperly found issues raised by pro se petitioner waived and remanding case for consideration of issues and appointment of counsel and evidentiary hearing if necessary).

---

[7] One of these issues alleges that trial counsel did not file a direct appeal when Spencer requested that he do so, and that Counsel was ineffective for failing to raise this claim on his behalf. Spencer's Brief at 11. In support of this claim, Spencer points to a letter he sent to trial counsel, which he attached to his pro se PCRA petition, in which he told trial counsel that he wanted to withdraw his plea and file an appeal. *See id.*; PCRA Petition, 6/9/14, at Attachment 2. Our law provides that failing to file an appeal when requested to do so by a defendant amounts to ineffectiveness per se. *See Commonwealth v. Halley*, 870 A.2d 795, 801 (Pa. 2005); *Commonwealth v. Lane*, 81 A.3d 974, 981 (Pa. Super. 2013). Yet, as noted above, Spencer purportedly waived his direct appeal rights at the time of sentencing. *See* N.T., 7/3/13, at 15. For such a waiver to be valid, however, it must be made knowingly, voluntarily and intelligently. *Commonwealth v. Doty*, 997 A.2d 1184, 1187 (Pa. Super. 2010). The only evidence of Spencer's supposed waiver is a statement made by trial counsel, as detailed above. Accordingly, it appears that there are genuine issues of fact as to whether trial counsel was ineffective for failing to file an appeal or whether there was a valid waiver of appellate rights.

Spencer's remaining issues challenge the PCRA court's dismissal of his claims that trial counsel was ineffective for failing to "challenge a presumptive chemical test," "investigate [his] mental state" with regard to a possible "mental health/insanity defense," "obtain exculpatory video evidence"[8] and promising that he would receive a sentence of only three to six months. Spencer's Brief at 4, 24. Spencer alleges that these instances of ineffectiveness induced him to plead guilty.

We begin with Spencer's claim that trial counsel induced his plea by promising that he would receive a three to six month sentence. Spencer's Brief at 15. The PCRA Court rejected this claim on the basis that at the plea hearing, Spencer acknowledged that he could receive a sentence up to the statutory maximum, both orally and in writing. PCRA Court Opinion, 9/8/14, at 6. The record supports this conclusion, as it reveals that the trial court informed Spencer that he could be sentenced up to one year and ninety days of incarceration on the charges, and he acknowledged this. N.T., 7/3/13, at 11; Statement of Understanding Rights Prior to Guilty/No Contest Plea,

---

[8] When presenting these three issues in his statement of questions raised on appeal in his appellate brief, Spencer did not phrase his challenges to these instances of alleged ineffectiveness in terms of inducing his plea. **See** Spencer's Brief at 4. However, he makes this argument in his discussion of these issues. We could find these claims waived for failure to include them in his statement of questions involved. **See** Pa.R.A.P. 2116(a). We decline to do so in this instance. As we explain **infra**, Spencer preserved these issues by raising them obliquely in his initial PCRA petition and then directly in his response to the Rule 907 notice. We decline to let his failure to precisely frame the issues in this one instance foreclose our review thereof.

7/3/13, ¶ 4. Further, the record reveals Spencer's acknowledgement that the trial court was not bound by any sentencing recommendation and that he was not made any promises as to the sentence he would receive. Statement of Understanding Rights Prior to Guilty/No Contest Plea, 7/3/13, ¶¶ 5, 6. Accordingly, we find no error in the PCRA court's determination that this issue is without merit.

The PCRA court did not address the remaining three claims of ineffectiveness in its opinion, as it was of the opinion that they did not extend so far as to implicate the validity of Spencer's plea. PCRA Court Opinion, 9/8/14, at 7. However, a close reading of Spencer's initial, pro se PCRA petition and his response to the Rule 907 notice reveals that Spencer did allege that trial counsel's failure in these regards induced his decision to enter a guilty plea. Accordingly, Spencer is entitled to have the PCRA court consider them. Therefore, on remand, the PCRA court shall consider these claims and hold a hearing on them if so required.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2015