J-S27037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HEATH LEE SUTTON | : | |
| | : | |
| Appellant | : | No. 1676 WDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000234-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HEATH LEE SUTTON | : | |
| | : | |
| Appellant | : | No. 1677 WDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000235-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HEATH LEE SUTTON | : | |
| | : | |
| Appellant | : | No. 1678 WDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000286-2016

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

_____

\* Retired Senior Judge assigned to the Superior Court.

J-S27037-19

MEMORANDUM BY COLINS, J.:                          **FILED JUNE 26, 2019**

Appellant, Heath Lee Sutton, appeals from orders in three criminal proceedings that dismissed his petitions for relief pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely. Counsel for Appellant has filed an application to withdraw and a brief concluding that these appeals present no issues of any arguable merit. After careful review, we grant counsel's application to withdraw and affirm the orders dismissing Appellant's PCRA petitions.

In 2016, the Commonwealth filed three criminal informations against Appellant, Criminal Actions Nos. CP-20-CR-0000234-2016 (CR 234-2016), CP-20-CR-0000235-2016 (CR 235-2016), and CP-20-CR-0000286-2016 (CR 286-2016). CR 234-2016 charged Appellant with two counts of arson, one count of risking a catastrophe, and one count of criminal mischief[2] for setting a fire in a building. CR 235-2016 charged Appellant with one count of criminal trespass, two counts of access device fraud, and six counts of receiving stolen property,[3] based on allegations that he entered another individual's residence without permission, used two individuals' credit cards and bank card to make

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3301(a)(1)(i) and (c)(2), 3302(b), and 3304(a)(1), respectively.

[3] 18 Pa.C.S. §§ 3503(a)(1)(i), 4106(a)(1)(ii), and 3925(a), respectively.

- 2 -

multiple purchases without authorization, and had stolen credit and bank cards, check books, and Social Security cards in his possession. CR 286-2016 charged Appellant with one count of arson, one count of disorderly conduct, and one count of criminal mischief[4] for setting fire to a car. Each of the informations was signed by the District Attorney of Crawford County. An amended information signed by an assistant district attorney was filed in CR 286-2016 that reduced the arson charge for the car fire from a first-degree felony to a third-degree felony[5] and made no changes to the disorderly conduct and criminal mischief counts.

On May 26, 2016, Appellant pled guilty to second-degree felony arson in CR 234-2016 for setting the building fire, one count of access device fraud in CR 235-2016 for using a credit card to make $1,438.03 in unauthorized purchases, and criminal mischief in CR 286-2016 for the car fire. N.T., 5/26/16, at 5-14. On November 22, 2016, the trial court sentenced Appellant to an aggregate sentence of 40 months to 10 years in prison, consisting of concurrent sentences of 40 months to 10 years for the CR 234-2016 arson conviction with credit for 277 days of presentence incarceration, 30 months to 7 years for the CR 235-2016 access device fraud conviction, and 9 to 24 months for the CR 286-2016 criminal mischief conviction, plus fines and

_____

[4] 18 Pa.C.S. §§ 3301(a)(1)(i), 5503(a)(4), and 3304(a)(1), respectively.

[5] 18 Pa.C.S. § 3301(d)(2).

restitution for all three convictions.  CR 234-2016 Sentence Order; CR 235-2016 Sentence Order; CR 286-2016 Sentence Order.   On November 28, 2016, Appellant filed a post sentence motion in CR 234-2016 seeking 67 days of additional credit for presentence incarceration, which the trial court granted on December 1, 2016.  Appellant filed no appeal from any of the judgments of sentence.

On May 18, 2018, more than one year and five months after the appeal period expired, Appellant filed identical *pro se* PCRA petitions in all three proceedings.  In these PCRA petitions, Appellant asserted claims that his trial counsel was ineffective, that his guilty pleas were allegedly not  knowing and intelligent, and that the prosecutions in which he pled guilty were unlawful under **Commonwealth v. Dupree**, 434 A.2d 201 (Pa. Super. 1981), in which this Court held that an information signed by an assistant district attorney was invalid unless the assistant district attorney was authorized to act for the district attorney by a written designation filed with the clerk of court.  PCRA Petitions at 4, 8.  Appellant asserted in the PCRA petitions that his failure to file within one year after final judgment was excused by government failure to disclose the facts on which the petitions were based and his lack of knowledge of those facts, but did not plead the date or dates when he learned of those facts or when he made efforts to learn of those facts.  **Id.** at 3-4. Counsel was appointed to represent Appellant on the PCRA petitions and represented Appellant before the PCRA court.

- 4 -

On October 1, 2018, the PCRA court issued memoranda and orders notifying the parties of its intent to dismiss the PCRA petitions as untimely without a hearing and giving Appellant 20 days to submit responses demonstrating that the PCRA petitions were not untimely. Appellant submitted nothing in response that set forth when he made efforts to learn the facts that he claimed were newly discovered or showing that he could not have learned those facts in time to file timely PCRA petitions.

On October 24, 2018, the PCRA entered orders dismissing the PCRA petitions as untimely. Appellant, represented by counsel, filed three timely appeals from those orders, which have been consolidated by this Court. In March 2019, counsel filed and served on Appellant an application to withdraw and a letter explaining his conclusion that the appeals are without merit because the PCRA petitions were filed more than one year after the judgments of sentence became final and no exception to the one-year time limit applied. Counsel also filed and served on Appellant a "**Turner/Finley**[6] Brief" in which he analyzed whether there was any basis on which Appellant's PCRA petitions could be held timely. Appellant has not filed any *pro se* response to counsel's application to withdraw or brief. The Commonwealth filed a brief in support of the PCRA court's orders.

---

[6] **Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Before this Court can consider the merits of these appeals, we must first determine whether counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted in a PCRA appeal. *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016); *Commonwealth v. Freeland,* 106 A.3d 768, 774 (Pa. Super. 2014); *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). To withdraw from representing a PCRA petitioner in a collateral attack on his criminal conviction, counsel must file a no-merit letter, send the petitioner copies of the application to withdraw and no-merit letter, and advise petitioner of his right to proceed *pro se* or with a privately retained attorney. *Walters*, 135 A.3d at 591; *Freeland,* 106 A.3d at 774-75; *Doty*, 48 A.3d at 454. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009); *Commonwealth v. Turner,* 544 A.2d 927, 928-29 (Pa. 1988); *Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011).

If counsel has satisfied the above requirements, this Court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. *Walters*, 135 A.3d at 591; *Doty*, 48 A.3d at 454.

Here, counsel provided Appellant a copy of the no-merit brief and a letter explaining why the appeals lack merit and advising Appellant of his right either to retain new counsel or proceed *pro se*. Although counsel here filed a brief with this Court, rather than a no-merit letter, that can satisfy counsel's obligations, provided that the brief contains all the information that must be included in a no-merit letter. **Widgins**, 29 A.3d at 817 n.2. We conclude that it does. Counsel's brief discusses the time limit imposed by the PCRA and the exceptions to that time limit and explains why all issues that Appellant has sought to raise in these appeals are time-barred. We therefore conduct our own review and independently determine whether Appellant's PCRA petitions were barred as untimely.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* The PCRA's time limit is mandatory and jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition, even where the convicted defendant claims that his counsel was ineffective and that his sentence is illegal. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999); ***Commonwealth v. Whiteman,*** 204 A.3d 448, 450-51 (Pa. Super. 2019); ***Commonwealth v. Laird***, 201 A.3d 160, 162-63 (Pa. Super. 2018) ***Commonwealth v. Jackson,*** 30 A.3d 516, 519-23 (Pa. Super. 2011).

Appellant was sentenced in all three proceedings on November 22, 2016 and filed no direct appeal in any of the cases. The judgments of sentence in CR 235-2016 and CR 286-2016 therefore became final on December 22, 2016, and the judgment of sentence in CR 234-2016 became final on January 3, 2017, 30 days after the trial court granted his post sentence motion. Accordingly, Appellant's PCRA petitions, filed in May 2018, over a year and five months later, were untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Subsection 9545(b)(1)(i)-(iii).

Appellant did not plead in his PCRA petitions or submit to the PCRA court any basis on which it could find that any of these exceptions were satisfied. Appellant alleged that the Court of Common Pleas and the district attorney's office did not disclose the facts on which the petitions were based and that the district attorney's office did not promptly respond to requests that he filed under the Right to Know Law, 65 P.S. §§ 67.101-67.3104. PCRA Petitions at

3. Appellant also alleged that his trial counsel was ineffective for failure to uncover the facts on which the petitions were based and that he did not learn of those facts through his own investigation in time to file PCRA petitions within the one-year time limit. ***Id.***

The only facts that Appellant set forth as a basis for his PCRA claims, however, were that the criminal informations were allegedly signed by an assistant district attorney, rather than the district attorney, and that the prosecutions were invalid under a 1981 decision of this Court. PCRA Petitions at 4, 8. These are matters that were in existence long before the one-year time limit for filing PCRA petitions expired. Indeed, it appears that Appellant had actual access to the informations in CR 234-2016 and CR 235-2016 and the amended information in CR 286-2016 at the time of his guilty pleas, as he signed a statement of his plea on each of these informations on May 26, 2016. CR 234-2016 Criminal Information at 3; CR 235-2016 Criminal Information at 3; CR 286-2016 Amended Criminal Information at 2.

Moreover, Appellant did not state in his petitions or in any submission to the PCRA court when he learned of these facts, how he came to learn of these facts, or when he made efforts to discover these facts. Mere allegations that a PCRA petitioner did not learn of facts until shortly before the PCRA petition was filed, without any allegations showing timely efforts or inability to discover that information earlier, are insufficient to bring a petitions within the PCRA's timeliness exceptions. ***Commonwealth v. Sanchez***, 204 A.3d

524, 526-27 (Pa. Super. 2019); ***Commonwealth v. Pew***, 189 A.3d 486, 489-90 (Pa. Super. 2018); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286-87 (Pa. Super. 2008); ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040-41 (Pa. Super. 2007).

Because Appellant did not satisfy an exception to the PCRA's one-year time limit, his PCRA petitions were barred as untimely. Accordingly, we grant counsel's application to withdraw and affirm the PCRA court's orders dismissing Appellant's PCRA petitions.

Orders affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2019