434 A.2d 201

**COMMONWEALTH of Pennsylvania,**

v.

**Anthony Robert DUPREE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed Aug. 28, 1981.

Application for Reargument Denied Dec. 2, 1981.

Edward J. Bilik, Greensburg, for appellant.

Morrison F. Lewis, Jr., Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

Appellant was convicted of robbery and conspiracy. Dupree was tried with a codefendant, Carl Edwin Donley. Post-verdict motions were filed and denied. He was sentenced to pay the costs of prosecution and serve three to seven years imprisonment. We remand to the trial court.

Dupree and John Walter Hardy allegedly robbed Bill's Dandy Dollar, a store in Herminie, Pennsylvania. They entered the store and masqueraded as shoppers. While browsing, they engaged Martin Swelbar in a conversation. After they apparently committed the offense, they fled the store into a car driven by Donley. One and one-half hours later, the police discovered a car matching the description given to them by witnesses to the crime. The three inhabitants of the car were then returned to the store where they were identified by several eye witnesses.[1]

Appellant contends that the identification was impermissibly suggestive. He asserts his constitutional rights were denied because he had no opportunity to obtain counsel to assist him during the identification. He states his codefendant's confession should not have been permitted to be entered into evidence when his codefendant did not testify. He claims "mug shots" were impermissibly entered into evidence. Finally, Dupree demonstrates that the information issued by the Commonwealth against him was void under Rule 225(b) of the Pennsylvania Rules of Criminal Procedure. We will address only the latter issue.

The critical facts which concern this issue are that the district attorney's name was affixed to the information by a

---

1. Pretrial motions were filed seeking to suppress the identification as impermissibly suggestive. The motions were denied.

rubber stamp. An assistant district attorney placed his initials next to the facsimile of the district attorney's name. The appellant specifically filed a pre-trial motion in which he asserted that the signature on the information violated Rule 225(b). Thus, the appellant specifically questioned the authority of the assistant district attorney to sign the information. This contention was asserted again in the appellant's post-verdict motions. Thus, the issue was clearly preserved on appeal.

We said in *Commonwealth v. Belcher*, 258 Pa.Super. 153, 392 A.2d 730 (1978):

When the vehicle for initiating a criminal trial (i. e., the information) is unsigned, it is not at all apparent that a reasoned evaluation of the advisability of instituting a criminal trial has been made. The signature on the information is, therefore, a vital ingredient which guarantees the authenticity and reliability of the document. The requirement that the information be signed by the attorney for the Commonwealth must, as a result, be deemed mandatory rather than merely directory.

Id., 258 Pa.Super. at 156–57, 392 A.2d at 731.

Our court has also decided that a rubber stamp facsimile of the district attorney's signature, alone, is insufficient under Rule 225(b), *Commonwealth v. Emanuel*, 285 Pa.Super. 594, 428 A.2d 204 (1981). However, the Judicial Code provides that an information may be signed by "any assistant district attorney whose authority to act for the district attorney . . . is evidenced by a written designation executed by the district attorney . . . and filed with the clerk of courts." 42 Pa.C.S.A. § 8931(i).

In *Commonwealth v. Levenson*, 282 Pa.Super. 406, 422 A.2d 1355 (1980), we held that where an assistant district attorney signed an information in Allegheny County, "Robert E. Colville by C.G.C./Attorney for Commonwealth," where Robert E. Colville is the District Attorney of that county, that the signature satisfied Rule 225(b). We stated:

Appellant does not dispute the representation in the Commonwealth's brief that "C.G.C." are the initials of Chris G.

Copetas, First Assistant District Attorney of Allegheny County, who signed the information as the district attorney's designee. Nor has appellant argued that the district attorney failed to execute and file with the clerk of courts a written designation authorizing Copetas to act for him. We reject appellant's argument that the information is void because Copetas failed to sign his full name on the information. In the absence of a specific requirement as to the manner of signing the information, we believe that the signature need not be made in any manner so long as it is subject to identification.

Id., 282 Pa.Super. at 410, 422 A.2d at 1357–1358.

Our Supreme Court has addressed the specific claim asserted by the appellant in *Commonwealth v. Contakos*, 492 Pa. 465, 470, 424 Pa. 1284, 1287 (1981), where the court said:

We believe that the approval and initialing of the information by an assistant district attorney, along with the stamped signature of the district attorney, complies with our Rules, the Judicial Code and the concerns enunciated in *Belcher*, as Warman had been designated to act in the district attorney's stead in the manner called for in the Judicial Code.[2]

Therefore, our Supreme Court has held that where a rubber stamp is used to indicate the district attorney's signature and an assistant district attorney initials the information near the stamped signature, that the signature will be valid only when an appropriate designation for the assistant district attorney to so act has been filed with the clerk of courts. And as no Pennsylvania court has specifically stated whose burden it is to produce such information, under these limited facts, we remand to the trial court for an evidentiary hearing, at which time and place it shall be incumbent upon the Commonwealth to demonstrate to the trial court that the appropriate designation has been filed

2. In *Commonwealth v. Contakos*, supra the appellant asserted that the stamped signature was invalid. The court addressed the specific issue of the initialing procedure without regard to the absence of a specific referral to the procedure in his post-verdict motions. Thus, we hold the claim, herein, was preserved.

with the clerk of courts. If no such designation exists, the appellant shall be discharged. If such a designation exists, a new appeal may be filed before this court.

Accordingly, the case is remanded to the trial court for proceedings consistent with this opinion.

HESTER, J., concurs in result.