439 A.2d 1220

COMMONWEALTH of Pennsylvania,

v.

Alonzo WATTS, Appellant.

Superior Court of Pennsylvania.

Submitted March 16, 1981.

Filed Jan. 8, 1982.

320

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellant contends that trial counsel was ineffective in failing to prepare his defense adequately, and interview and call at trial potential defense witnesses. Because we cannot determine whether counsel had a reasonable basis for not pursuing these claims, we must vacate the judgment of sentence and remand for an evidentiary hearing.

It is well settled "that newly appointed or retained counsel must raise on appeal the ineffectiveness of his predecessor trial counsel or that claim will be deemed waived." *Commonwealth v. Hubbard*, 472 Pa. 259, 276–77 n.6, 372 A.2d 687, 695 n.6 (1977). *See also Commonwealth v. Webster*, 490 Pa. 322, 324, 416 A.2d 491, 492 (1980). Because this appeal presents the first opportunity for appellant's current counsel to challenge previous counsel's stewardship, appellant's allegations of ineffectiveness are properly preserved for appellate review. "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). We cannot determine from the present record whether counsel had a reasonable basis for his lack of preparation and trial conduct. Consequently, we must vacate the judgment of sentence and remand for an evidentiary hearing. *Commonwealth v. Hubbard, supra,* 472 Pa. at 278, 372 A.2d at 696; *Commonwealth v. Twiggs*, 460 Pa. 105, 106, 111, 331 A.2d 440, 443 (1975). If the lower court finds that counsel was ineffective, then it should grant appropriate relief. If, however, it finds that counsel was not ineffective, then it should reinstate the

322

judgment of sentence. Following that determination, either party may appeal as allowed by law.*

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

---

\* Appellant contends also that he should be discharged because the information upon which his conviction rests was endorsed with a "rubber stamp" contrary to our decision in *Commonwealth v. Emanuel*, 285 Pa. Superior Ct. 594, 428 A.2d 204 (1981) (invalidating conviction because information had not been "signed by an attorney for the Commonwealth"). "[U]nder the state of the present law, appellant's failure to file a pretrial motion to quash the information constitutes a waiver of his right to assert this impropriety in any subsequent proceeding." *Commonwealth v. Harper*, 292 Pa. Superior Ct. 192, 197 n.5, 436 A.2d 1217, 1220 n.5 (1981) (citations omitted).