449 A.2d 649

**COMMONWEALTH of Pennsylvania**

v.

**Robert Irvin WALTERS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 22, 1981.

Filed Aug. 13, 1982.

Alphonse P. Lepore, Jr., Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before HESTER, POPOVICH and MONTGOMERY, JJ.

HESTER, Judge:

Appellant Robert Irvin Walters was convicted by a jury of murder of the first degree and criminal conspiracy. Posttrial motions were denied and appellant was sentenced to life imprisonment for the murder conviction and a consecutive prison term of five (5) to ten (10) years for the conspiracy conviction. The facts and issues involved in the instant appeal are almost identical to those involved in *Commonwealth v. Contakos*, 492 Pa. 465, 424 A.2d 1284 (1981). Both cases concern the killing of Charles Jacob Lowry. The principal Commonwealth witness in both cases was Thomas Harry Colvin, who had previously pled guilty to third degree murder of the victim. Colvin testified that the appellant contacted him to arrange for the killing of Lowry for $1,500.00. He further testified that he and Contakos killed Lowry on October 6, 1977.

Initially we will address the issues presented which are the same issues which were presented to the Supreme Court in *Contakos*, supra. Following our full review of the record and the lower court's opinion, and viewing the evidence in the light most favorable to the Commonwealth, we agree that ". . . the testimony of Colvin alone is sufficient to establish all of the elements of both murder of the first degree and criminal conspiracy." *Contakos*, supra, 492 Pa. at 469, 424 A.2d at 1286.

As in *Contakos*, appellant also challenges the jurisdiction of the lower court and contends that the charges must be dismissed due to the fact that neither of the Informations had been personally signed by the district attorney. Both Informations were rubber stamped with the district attorney's signature. However, as in *Contakos*, both Informations were also marked "approved 12/20/78 R.C.W." Ralph C. Warman was the Assistant District Attorney of Fayette

County assigned to the case. Under these circumstances, the approval of the Informations against appellant satisfies the Judicial Code and Pennsylvania Rule of Criminal Procedure 225(b). *Contakos*, supra, 492 Pa. at 469–470, 424 A.2d at 1286–1287. See also *Commonwealth v. Dupree*, 290 Pa. Super. 202, 434 A.2d 201 (1981); *Commonwealth v. Emanuel*, 285 Pa.Super. 594, 428 A.2d 204 (1981).

■ As in *Contakos*, appellant also challenges the lower court's refusal to order the pre-trial discovery as request by appellant. Appellant requested the production and disclosure by the Commonwealth of certain investigatory notes which were taken by the prosecuting officer when he interviewed Commonwealth witnesses.

In *Contakos*, supra, 492 Pa. at 472, 424 A.2d at 1287, the Supreme Court held:

"While a defendant may be seeking only notes of interviews with a Commonwealth witness, those portions of the notes which contain either verbatim, or substantially verbatim, statements which are relevant to the matter being tried should be available . . ."

Accordingly, in *Contakos*, the Supreme Court remanded the case to the lower court to allow the appellant the opportunity to review the notes in question so as to enable him to present an argument concerning which notes could have been used by the appellant. The Supreme Court stated:

"After appellant reviews the notes in question, the hearing court should determine if the Commonwealth's failure to produce the notes was harmless error. If the Commonwealth fails to establish beyond a reasonable doubt that the error was harmless, the court should grant appellant a new trial. [Citations omitted]. If the court determines the error was harmless, it should reinstate the judgment of sentence. Following the court's ruling, a new appeal to this Court may be taken." 492 Pa. at 472–473, 424 A.2d at 1288.

Appellant also asserts that the lower court erred in denying his pre-trial motion for change of venue and his request for a continuance for the purpose of permitting appellant to undergo a psychiatric examination in order to determine his ability to effectively assist his counsel at trial. Contakos was tried shortly before appellant, and appellant claims that he could not receive a fair trial by an impartial jury in Fayette County as a result of the publicity surrounding the Contakos trial. Additionally, on December 6, 1978, in an unrelated case, appellant entered pleas of guilty to 47 separate Informations charging him with burglary. He remained in the Fayette County Jail until his trial in early April of 1979. Appellant argues that, as a result of his incarceration, he was suffering from "emotional stress" which rendered him unable to assist in the preparation of his defense.

Following our full review of the record and the lower court's opinion, we are convinced that the lower court did not abuse its discretion in denying appellant's motion for a change of venue and his motion for a continuance. *Commonwealth v. Howard*, 466 Pa. 445, 353 A.2d 438, 439 (1978); *Commonwealth v. Riddick*, 232 Pa.Super. 333, 334 A.2d 705, 706 (1975). In the instant case, following a voir dire, a jury of twelve members and two alternates were seated and accepted by both the Commonwealth and the defense. No juror was selected who asserted that he had previously formed an opinion of the accused's guilt or innocence as a result of any pre-trial publicity. *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976).

As stated by the lower court:

"The trial judge had ample opportunity to observe defendant during the trial and to focus on his capacity to understand and defend. Defendant testified in his own behalf and answered with clarity and comprehension the questions addressed to him. Defendant maintained the dignity of the proceedings by doing nothing to disrupt trial and appeared to be able to make basic decisions with his attorney as to the course of his defense. In view of

208

such conduct, defendant's request for a psychiatric examination was properly refused. *Commonwealth v. Maroney*, 424 Pa. 493, 227 A.2d 159 (1967); *Commonwealth v. Giknis*, 491 Pa. 215, 420 A.2d 419, 421 (1980).

Judgment of sentence vacated and case remanded to the jurisdiction of the lower court for proceedings concerning the investigatory notes, with the same instructions as ordered by the Supreme Court in *Contakos*, supra, 492 Pa. at 477, 424 A.2d at 1288.