452 A.2d 784

**COMMONWEALTH of Pennsylvania,**

v.

**Anthony VENERI, Appellant.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Craig THOMAS.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1981.

Filed Nov. 19, 1982.

Petition for Allowance of Appeal Denied Sept. 8 and 19, 1983.

David E. Fritchey, Deputy District Attorney, Media, for Commonwealth, appellant.

Thomas F. Lawrie, Jr., Media, for Thomas, appellee.

David H. Kubert, Philadelphia, for Veneri, appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER, CAVANAUGH, BROSKY, McEWEN, BECK and JOHNSON, JJ.

CAVANAUGH, Judge:

These are consolidated appeals in two separate cases from the Court of Common Pleas of Delaware County. The common issues in these otherwise unrelated cases are (1) whether an information containing only a rubber stamp facsimile of the signature of the district attorney is properly signed within the meaning of Pa.R.Crim.P. 225(b), and (2) assuming that a rubber stamp is insufficient, whether its use renders the information void *ab initio* or merely voidable. Because these issues have been the the subject of continuous debate in our decisional law [1] we consolidated these cases for *en banc* consideration.

On July 11, 1978, a complaint was filed charging defendant Anthony Veneri with robbery and related charges in connection with an armed robbery at the Greater Delaware Valley Savings and Loan Association. A second complaint, containing similar charges in connection with an armed robbery at the Elmwood Federal Savings and Loan Association, was filed against defendant on July 13, 1978. Bills of information were subsequently filed against defendant, each containing a rubber stamp facsimile of the signature of Frank T. Hazel, the district attorney of Delaware County. The cases were consolidated for trial before a jury and defendant was convicted of both robberies. Post-verdict motions were filed and denied. This appeal followed. In his brief, defendant, for the first time, argues that his trial was void *ab initio* because the bills of information had not been properly signed by the district attorney. Accordingly, defendant claims that he is entitled to a discharge.

Defendant Craig Thomas was charged by a complaint of April 11, 1979, with various drug offenses. A criminal information was filed against him containing a rubber stamp

1. *See, e.g. Commonwealth v. Brinton,* 303 Pa.Super. 14, 21 n. 12, 449 A.2d 54, 57 n. 12 (1982).

facsimile of the signature of Delaware County district attorney, Frank T. Hazel. The case then proceeded to trial before the Honorable Melvin G. Levy, sitting without a jury. After the presentation of the Commonwealth's case, the defendant orally presented a motion to dismiss the information on the grounds that a rubber stamped signature was defective. The lower court agreed and dismissed the information. The Commonwealth then took this appeal.

Pa.R.Crim.P. 225(b) states, in pertinent part, that an information "shall be *signed* by the attorney for the Commonwealth." The Rules are silent, however, as to the definition of the word "signed." Pa.R.Crim.P. 2 states in part that the rules "shall be construed ... as nearly as may be in consonance with the rules of statutory construction;" the Statutory Construction Act in turn provides that "[w]ords and phrases shall be construed ... according to their common and approved usage." 1 Pa.C.S. § 1903(a). The Commonwealth predictably argues that a "common usage" of the term signature includes the use of a rubber stamp.[2] Had the Supreme Court intended, in promulgating Pa.R.Crim.P. 225(b), to require a manual signature, the word "subscribe" would have instead been used.[3] We look first to our decisional law for guidance in determining the meaning of the word "signed" as used in Pa.R.Crim.P. 225(b).

**2.** "Signature" is defined in Black's Law Dictionary, 4th edition, as follows:

> The act of putting down a man's name at the end of an instrument to attest its validity, the name thus written. A "signature" may be written by hand, printed, stamped, typewritten, engraved, photographed ... it being immaterial with what kind of instrument a signature is made.

**3.** "Signed" and "Subscribed" are distinguished in Black's Law Dictionary, 4th edition, as follows:

> To "sign" is merely to write one's name on paper, or declare assent or attestation by some sign or mark, and does not, like "subscribe," require that one should write at the bottom of the instrument signed.

> The word "subscribed" is more restricted than the word "signature." The word "signature" in its origin involves merely a sign, the word "subscribed" involves a writing.

In *Commonwealth v. Belcher,* 258 Pa.Super. 153, 392 A.2d 730 (1978), our court considered an information without any signature at all by the district attorney. In holding that such information was void *ab initio,* the Court stated:

When the vehicle for initiating a criminal trial (i.e. the information) is unsigned, it is not at all apparent that a reasoned evaluation of the advisability of instituting a criminal trial has been made. The signature on the information is, therefore, a vital ingredient which guarantees the authenticity and reliability of the document. The requirement of Rule 225(b) that the information be signed by the attorney for the Commonwealth must, as a result, be deemed mandatory rather than merely directory.

*Id.,* 258 Pa.Super. at 156–157, 392 A.2d at 731. Next, in *Commonwealth v. Levenson,* 282 Pa.Super. 406, 422 A.2d 1355 (1980), we considered an information in which an assistant district attorney had signed the district attorney's name followed by his own initials. The Court noted that the Judicial Code provides that an information may be signed by "any assistant district attorney whose authority to act for the district attorney . . . is evidenced by a written designation executed by the district attorney . . . and filed with the clerk of the courts." 42 Pa.C.S.A. § 8931(e), (i). The defendant in *Levenson* did not dispute that the assistant district attorney was authorized to act for the district attorney. Thus, the court rejected defendant's argument that the information was void because the designated assistant district attorney had not signed his full name on the information. Citing *Belcher, supra,* the court stated: "In the absence of a specific requirement as to the manner of signing the information, we believe that the signature required need not be made in any particular manner so long as it is subject to identification." *Id.,* 282 Pa.Super. at 410, 422 A.2d at 1358.

The Pennsylvania Supreme Court first addressed the signature requirement of Pa.R.Crim.P. 225(b) in *Commonwealth v. Contakos,* 492 Pa. 465, 424 A.2d 1284 (1981). There the court examined informations containing a rubber stamp

facsimile of the district attorney's signature followed by "Approved 12–20–78 R.C.W." (R.C.W. were the initials of an assistant district attorney). Rejecting the defendant's claim that the informations were invalid because they lacked the personal signature of the district attorney, the Court, citing 42 Pa.C.S.A. § 8931, Pa.R.Crim.P. 225(b), as well as our opinion in *Commonwealth v. Belcher, supra,* stated: "We believe that the approval and initialing of the information by an assistant district attorney, along with the stamped approval by the district attorney, complies with our rules, the Judicial Code and the concerns enunciated in *Belcher,* as [the assistant district attorney] has been designated to act in the district attorney's stead in the manner called for in the Judicial Code." *Id.,* 492 Pa. at 470, 424 A.2d at 1287. *Accord, Commonwealth v. Walters,* 303 Pa.Super. 203, 449 A.2d 649 (1982).

*Contakos,* which involved a rubber stamp signature of a district attorney and initialing by a duly designated assistant district attorney, was distinguished by our court in *Commonwealth v. Emanuel,* 285 Pa.Super. 594, 428 A.2d 204 (1981) (allocatur granted) where we considered informations identical to those in the instant appeals, *viz.,* containing only a rubber stamp facsimile of the signature of Delaware County District Attorney Frank T. Hazel. We held in that case that the use of a rubber stamp facsimile, standing alone, does not meet the signature requirement of Pa.R. Crim.P. 225(b).

Were we to approve the use of a rubber stamp, it would be virtually impossible to identify the person who stamped the information. *See Commonwealth v. Levenson, supra.* If that person is unknown, then, as in the case of an information with a blank signature line, "it is not at all apparent that a reasoned evaluation of the advisability of instituting a criminal trial has been made." *Commonwealth v. Belcher, supra.* Moreover, were we to approve the Commonwealth's practice in this case, the Judicial Code provision requiring district attorneys to file with the clerk of the courts a written designation identifying as-

sistant district attorneys authorized to sign informations for them would be rendered meaningless. An assistant district attorney who has not been so authorized could "sign" informations with the rubber stamp. We believe that it is not an unreasonable burden to require district attorneys, or assistant district attorneys acting for them in accordance with 42 Pa.C.S. § 8931(i), to sign informations manually. Accordingly, we hold that the lower court properly concluded that the informations in this case were not "signed" by the district attorney as required by Rule 225(b).

*Id.,* 285 Pa.Super. at 597–598, 428 A.2d at 206 (citation omitted).

In this appeal, we are asked to evaluate the continued viability of *Commonwealth v. Emanuel, supra.*[4] We have done so and, accordingly, concur in its conclusion that the signature requirement of Pa.R.Crim.P. 225(b) is not met by a mere rubber stamp facsimile of the district attorney's signature.

We see no merit to the Commonwealth's argument that Pa.R.Crim.P. 225(b) would have used the term "subscribed" rather than "signed" if the intention was to require an actual signature by the district attorney and that, therefore, a rubber stamp facsimile of that signature suffices. Under Pa.R.Crim.P. 225(a) the attorney for the Commonwealth has the discretionary power to either proceed with charges by information or move to nolle prosequi the charges. The district attorney or his designee is also mandated to inquire into and make full examination of all the facts and circumstances connected with each case to determine if the filing of an information is warranted 42 Pa.C.S.A. § 8931(d). Thus the act of approving the information is one fraught with grave consequences not the least of which may be the career, reputation and very freedom of the defendant. It

4. Three recent decisions of this court have cited *Commonwealth v. Emanuel, supra,* but have not re-assessed its conclusions. *Commonwealth v. Dupree,* 290 Pa.Super. 202, 434 A.2d 201 (1981); *Commonwealth v. Harper,* 292 Pa.Super. 192, 436 A.2d 1217 (1981); *Commonwealth v. Watts,* 294 Pa.Super. 319, 439 A.2d 1220 (1982).

would demean the significance of this fateful document if we were to interpret the words "shall be signed" to permit affixing a rubber stamp facsimile to the information. We would thus reduce the required attestation to a mere clerical mechanism no different or more deliberative, for example, than assigning the information a file number for office convenience. It would be simpler and just as meaningful to have the name of the attorney for the Commonwealth pre-printed on the information form. It is, therefore, our belief that only a written indication, by the district attorney or his designee, that the charges contained in an information have been considered and approved satisfy the "signature" requirement of Pa.R.Crim.P. 225(b). While the prosecution may find the personal signature requirement of Pa.R. Crim.P. 225(b) to be burdensome, any inconvenience is far outweighed by the need for a deterrent against frivolous charging of an accused.

We must then decide whether the absence of a required signature renders the information void *ab initio* or merely voidable.

As we have noted, the court in *Commonwealth v. Belcher, supra,* held that the signature requirement of Pa.R.Crim.P. 225(b) was mandatory and not merely directory. It was, therefore, held that the failure of the district attorney to sign an information renders it *void ab initio.* As a result, a defendant charged by a defective information need not raise that defect prior to trial. *Id.,* 258 Pa.Super. at 156 n. 4, 392 A.2d at 731 n. 4.

No decision since *Belcher* has squarely raised the void/voidable issue. Such a discussion was unnecessary in *Commonwealth v. Contakos, supra,* where the Supreme Court held the challenged information to be sufficient. The *Contakos* court did cite *Belcher,* but only for the purpose of demonstrating the Court's consideration of the concerns raised therein regarding the need for a signed information. The Court, furthermore, distinguished *Belcher* as presenting a different question than that before it in *Contakos,* i.e. an information which contained no signature whatsoever. Un-

der these circumstances, it cannot be said that the *Contakos* court adopted the holding in *Belcher* that an unsigned information is void and need not be raised pre-trial.

In *Commonwealth v. Emanuel, supra,* we declined to address the void/voidable issue because the defendant, in that case, had objected to the rubber stamped information in a pre-trial motion. *See also, Commonwealth v. Dupree,* 290 Pa.Super. 202, 434 A.2d 201 (1981).

Hence *Belcher* remains the existing authority on the void/voidable question. Interestingly, however, two recent cases decided by this Court appeared to disregard *Belcher*. In *Commonwealth v. Harper,* 292 Pa.Super. 192, 436 A.2d 1217 (1981), the court stated "under the state of the present law, appellant's failure to file a pre-trial motion to quash the information constitutes a waiver of his right to assert this impropriety in any subsequent proceeding." *Id.,* 292 Pa.Super. at 197 n. 5, 436 A.2d at 1220 n. 5. That portion of *Harper* was quoted with approval in *Commonwealth v. Watts,* 294 Pa.Super. 319, 439 A.2d 1220 (1982). Neither *Harper* nor *Watts* contained a reference to *Belcher*.

■ While we find that *Harper* and *Watts* were wrongly decided in light of *Belcher,* we believe that *Belcher* is incorrect law and must be overruled. We instead hold that the signature requirement of Pa.R.Crim.P. 225(b) is directory only and that its absence renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash. Pa.R.Crim.P. 306.

We have already concluded that a signed information is required as a memorial that there has in fact been a responsible decision to proceed with charges by one who holds a public trust. A defendant has a right to demand that a public official who accuses him of a crime give tangible evidence of his prosecutorial decision; that is, to require that the attorney for the Commonwealth or his designee sign the information and thereby assume responsibility for his discre-

tionary and deliberative charging act. Such a demand can be reasonably made only prior to trial so that the Commonwealth can have an opportunity to rectify an unsigned information.

Our reasoning is twofold. First, it is clear that the absence of a signature does not prejudice the defendant in his preparation for trial. Secondly, it is unrealistic to assume that Pa.R.Crim.P. 225(b) intended the signature of the attorney for the Commonwealth to be the exclusive deliberative act which charged the defendant and that its absence annuls the validity or integrity of an otherwise untainted prosecution process. If the case has gone on to a point where the information has lost any meaning, i.e., where the Commonwealth has begun to support the charges by proof at trial or the defendant stands convicted, to even require a signature at that stage would be not only meaningless but a mere technical vanity. To upset a just verdict for want of a signature would be judicial sleight of hand of totally unacceptable proportions.

Some of our rules are sufficiently significant so as to entitle a defendant to a discharge where they have been violated even though their violation is unrelated to guilt or innocence, e.g. Pa.R.Crim.P. 1100. We do not believe that the prosecution's failure to satisfy Pa.R.Crim.P. 225(b) is equally significant to justify, for its abridgement, the extreme remedy of discharge.

■ Our analysis leaves remaining the question of whether the defendants have timely raised the defect in the informations by which they were charged. Defendant Veneri first challenged the use of a rubber stamped information in his appeal to this Court; defendant Thomas did so after the Commonwealth had rested its case at trial. Neither defendant filed a pre-trial motion to quash the informations as required by Pa.R.Crim.P. 306. Their claims have, therefore, been waived.

The judgment of sentence in *Veneri* is affirmed.[5] The lower court's order dismissing the information in *Thomas* is reversed and the case remanded for trial.

**5.** We have reviewed the several additional claims raised by appellant Veneri and find that they do not entitle him to relief.