455 A.2d 720

**COMMONWEALTH of Pennsylvania**

v.

**Robert Paul DEVAULT, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1981.

Filed Jan. 28, 1983.

Petition for Allowance of Appeal
Denied May 13, 1983.

---

498

Charles O. Zebley, Jr., Uniontown, for appellant.

James T. Davis, Assistant District Attorney, Uniontown, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

BECK, Judge:

Appellant Robert Paul Devault was arrested and charged with Receiving Stolen Property (No. 715 of 1979)[1] and two violations of the Uniform Firearms Act (No. 715⅓ and 715⅔ of 1979).[2] The lower court granted the defendant's motion for severance and Devault was tried and convicted of the charge of Receiving Stolen Property. Subsequently, in February 1980, he was tried to a jury and found guilty of the firearms charges.

After his conviction on the weapons offenses appellant filed motions for a new trial and in arrest of judgment. He had also initiated an appeal on the first conviction for

1. 18 Pa.C.S. § 3925.

2. 18 Pa.C.S. § 6105 and § 6106.

Receiving Stolen Property. An evidentiary hearing was scheduled for October 14, 1980 to consider issues raised in Devault's post-trial motions, i.e. that the court erred in not granting his request for replacement counsel, and that he was denied effective assistance of counsel at his trial. (R. no. 9). Prior to October 14, Devault agreed to plead guilty to the weapons offenses in return for a sentence to run concurrently with the sentence in the prior conviction (two to five years).

A colloquy was held on October 14 at which the terms of the guilty plea were explained to Devault. These terms included an agreement that Devault would withdraw his appeal on the earlier conviction and his motions following the second conviction in return for the concurrent sentence (R. no. 16). The judge informed Devault at the sentencing proceedings on October 16 that he had ten days to file a motion challenging the sentence on the grounds that the court lacked jurisdiction or on the grounds his withdrawal of the motions was not voluntary (R. no. 19). Appellant's counsel thereupon petitioned for a writ of habeas corpus on the grounds that the informations charging Devault with the firearms charges were not signed by the Fayette County district attorney and were therefore void *ab initio*, the court lacking jurisdiction to impose a sentence. He also urged that since more than 180 days had passed since the original complaint had been filed he was entitled to full discharge. The court dismissed the petition for habeas corpus without a hearing and this appeal followed.

Devault, who is no longer represented by his trial counsel, claims relief under P.C.H.A. 19 P.S. § 1180–3(c)(6), ineffective assistance of counsel, because his trial attorney failed to challenge the legality of the informations. He argues that because the informations are stamped with the district attorney's signature they lack the prerequisites of validity under the ruling in *Com. v. Belcher*, 258 Pa.Super. 153, 392 A.2d 730 (1978) and are void *ab initio* for failure to conform with Pa.R.Crim.P. 225(b).[3]

3. **Rule 225. Information: Filing, Contents, Function**
    (a) In counties in which the indicting grand jury has been abolished, after the defendant has been held for court, the attorney for

The claim is without merit. Our Court has recently reviewed *en banc* the body of case law on the validity of rubber stamped facsimile signatures on informations. The questions addressed by the Court were (1) whether an information containing *only* a rubber stamp of the signature was valid within the meaning of Rule 225(b) and (2) assuming that such a rubber stamp signature was invalid, whether it rendered the information void *ab initio* or merely voidable. The Court held that a rubber stamp signature, without more, was not sufficient, but that the defect rendered the information voidable, not void. Up until a case reached the point where the information had lost any meaning, i.e. where the Commonwealth had begun to support the charges by proof at trial, or the defendant stood convicted, the defect was curable. However, if the defendant had not made timely motion to quash the information at that point, the claim was waived. *Com. v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 and *Com. v. Thomas*, 306 Pa.Super. 396, 452 A.2d 784 (1982).

The ruling in *Veneri* and *Thomas* in no way affected the ongoing validity of *Com. v. Contakos*, 492 Pa. 465, 424 A.2d 1284 (1981), in which our Supreme Court upheld the legal sufficiency of an information stamped with the district attorney's signature and hand-initialled by an assistant district attorney. In Devault's case, the informations are stamped with the facsimile signature of the district attorney and are initialled as "approved" and dated by the hand of an assistant district attorney (R. no. 3). The informations thus comply with the law as stated in *Contakos, supra,* and 42 Pa.C.S. § 8931(i).[4] Devault therefore cannot claim relief

the Commonwealth either shall move to nolle prosequi the charges or shall proceed by preparing an information and filing it with the court of common pleas.

(b) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains: ....

**4. § 8931**

(i) **Definition.**—As used in this section "district attorney" includes a special attorney appointed by the Attorney General in the manner

under the holding in *Veneri* and *Thomas*, which invalidates only those informations bearing no more than a rubber stamp.

The order of the court below dismissing appellant's petition is affirmed.

provided by statute, an acting district attorney and any assistant district attorney whose authority to act for the district attorney under this section is evidenced by a written designation executed by the district attorney or acting district attorney and filed with the clerk of courts.