J-S14038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY JOHN VENERI | : | |
| | : | |
| Appellant | : | No. 2472 EDA 2018 |

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003526-1978,
CP-23-CR-0003713-1978

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED APRIL 1, 2019**

Anthony John Veneri (Veneri) appeals from an order entered in the Court of Common Pleas of Delaware County (PCRA court) dismissing one of his countless *pro se* petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. 9541-9546.[1]  The petition is both untimely and without merit.  We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Veneri's claims are governed by the PCRA even though he styled it as a "Petition for Writ of Habeas Corpus, Nunc Pro Tunc."  "It is well settled that the PCRA is intended to be the sole means of achieving postconviction relief." 42 Pa.C.S. § 9542.   A defendant may not circumvent the PCRA's filing requirements by labelling a request for postconviction relief as a petition for writ of mandamus or habeas corpus. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013).  "All motions filed after a judgment of sentence is final are to be construed as PCRA petitions." ***Id.***

**I.**

In 1979, Veneri was found guilty of two bank robberies as well as many other related offenses. He was sentenced to an aggregate prison term of 25 to 50 years to begin after Veneri served a sentence for a separate robbery conviction in another state. Veneri timely appealed and this Court affirmed the judgment of sentence in November 1982. *See Commonwealth v. Veneri*, 452 A.2d 784 (Pa. Super. 1982). This Court also affirmed the denial of several PCRA petitions concerning the present case and raising the exact same issues as those asserted in the instant PCRA petition. *See e.g., Commonwealth v. Veneri*, 1803 EDA 2014, 121 A.3d 1136 (Pa. Super. April 21, 2015); *Commonwealth v. Veneri*, 942 EDA 2015 (Pa. Super. December 29, 2015).

Veneri filed the present PCRA petition on February 7, 2018. He argued that the trial court had no jurisdiction because his offenses were federal crimes and that the charging documents were void because the prosecutor did not sign them. He also argued that his trial counsel was ineffective in failing to object to the charging documents. The trial court dismissed the petition without a hearing and Veneri timely appealed.

The PCRA court filed a 1925(a) opinion explaining that Veneri's petition is untimely on its face and that the issues he raises have long been disposed of. In his brief, Veneri did not attempt to satisfy any exception to the timing requirements of the PCRA nor did he address the fact that his present claims

have already been raised and decided in previous appellate proceedings. He merely reiterated the same claims, hoping for a different result.

## II.

In reviewing the denial of a PCRA claim, review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011). First, the PCRA court lacked jurisdiction to consider the merits of Veneri's claims. A PCRA petition is only timely if filed within one year of the date that the judgment of sentence became final. **See** 42 Pa.C.S. § 9545(b)(3). A PCRA court only has jurisdiction to entertain claims which satisfy that timing rule or an exception to it. **See** 42 Pa.C.S. § 9545(b)(1). Veneri's judgment of sentence became final in the early 1980s. He makes no attempt to explain how he can satisfy an exception to the timeliness requirements of the PCRA. His petition was properly denied on that basis.[2]

_____

[2] Further, courts seek to avoid "serial requests for post-conviction relief" by applying a heightened timeliness standard to second or subsequent PCRA petitions. **Commonwealth v. Jette**, 23 A.3d 1032, 1043 (Pa. 2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong prima facie showing that a miscarriage of justice may have occurred." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1251 (Pa. 2006). In a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." **Commonwealth v. Williams**, 660 A.2d 614, 618 (Pa. Super.

Second, Veneri now raises claims which have been previously litigated in either his direct appeal or in prior PCRA appeals. To be eligible for relief under the PCRA, the petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." **See** 42 P.A.C.S. § 9543(a)(3). An issue has been previously litigated if it has "been raised and decided in a proceeding collaterally attacking the conviction or sentence." **Id.** at 9544(a).

Veneri's claims regarding the deficiency of the charging documents were previously litigated in his direct appeal. **See Veneri**, 452 A.2d 784. His claim regarding the trial court's jurisdiction was raised in a previous PCRA appeal and found to be untimely. Record on appeal at 1150 (Claim #14 of PCRA petition filed on February 14, 2014); **id.** at 1166 (PCRA Court order denying petition); **see also Veneri**, 1803 EDA 2014 (affirming order denying PCRA petition which included claim that trial court lacked jurisdiction as to a federal offense). Thus, Veneri is not eligible for PCRA relief because all of his claims are both untimely and previously litigated.[3]

_____

1995). Veneri makes no attempt to establish his innocence or a miscarriage of justice.

[3] We note that Veneri also seeks PCRA relief in case number 3310 EDA 2018 where the PCRA court denied a pro se "Petition for Writ of Habeas Corpus or Writ of Mandamus, Nunc Pro Tunc." The petition in that case was dismissed due to the pendency of the present appeal. Pennsylvania Rule of Appellate Procedure 1701(a) provides that once "an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/19