J-S14039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY JOHN VENERI | : | |
| | : | |
| Appellant | : | No. 3310 EDA 2018 |

Appeal from the Order Dated October 31, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003526-1978,
CP-23-CR-0003713-1978

BEFORE: LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:             **FILED APRIL 02, 2019**

Anthony John Veneri (Veneri) appeals from an order entered in the Court of Common Pleas of Delaware County (PCRA court) dismissing his *pro se* "Petition for Writ of Habeas Corpus or Writ Mandamus, Nunc Pro Tunc." We affirm.

**I.**

In 1979, Veneri was found guilty of two bank robberies as well as many other related offenses. He was sentenced to an aggregate prison term of 25 to 50 years to begin after Veneri served a sentence for a separate robbery conviction in another state. Veneri timely appealed and we affirmed the judgment of sentence in November 1982. *See Commonwealth v. Veneri*, 452 A.2d 784 (Pa. Super. 1982). We have also affirmed the denial of several

_____

* Retired Senior Judge assigned to the Superior Court.

PCRA petitions concerning the present case and raising the same issues as those asserted in the instant petition. ***See e.g., Commonwealth v. Veneri***, 1803 EDA 2014, 121 A.3d 1136 (Pa. Super. April 21, 2015); ***Commonwealth v. Veneri***, 942 EDA 2015 (Pa. Super. December 29, 2015).

Veneri filed his "Petition for Writ of Habeas Corpus or Writ Mandamus, Nunc Pro Tunc" on October 11, 2018. He argued, *inter alia*, that his judgment of sentence had to be vacated because the charging documents did not bear the prosecutor's signature. The petition was dismissed on October 22, 2018. Veneri moved for reconsideration which was denied on October 31, 2018. He timely filed a notice of appeal, and in its 1925(a) opinion, the postconviction court explained that it had no jurisdiction because Veneri had a pending PCRA appeal in case 2472 EDA 2018. For that same reason, we hold that Veneri is entitled to no relief.

## II.

Preliminarily, we note that despite how it was styled, Veneri's claims are governed by the Post Conviction Relief Act (PCRA), 42 Pa.C.S. 9541-9546. "It is well settled that the PCRA is intended to be the sole means of achieving postconviction relief." 42 Pa.C.S. § 9542. A defendant may not circumvent the PCRA's filing requirements by labelling a request for postconviction relief as a petition for writ of mandamus or habeas corpus. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013). "All motions filed after a judgment of sentence is final are to be construed as PCRA petitions." ***Id.*** In

- 2 -

reviewing the denial of a PCRA claim, review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011).

The PCRA court did not commit legal error here because it correctly noted that it had no jurisdiction to entertain Veneri's present claims due to his pending appeal in another case which also concerns the denial of PCRA relief. Pennsylvania Rule of Appellate Procedure 1701(a) provides that once "an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Veneri filed an appeal in case 2472 EDA 2018 on August 22, 2018. He filed his present petition on October 11, 2018, when the appeal in that other case was still pending. The postconviction court had no jurisdiction in this case and, regardless, Veneri's claims have long been time-barred.[1] The dismissal of the petition must stand.

Order affirmed.

_____

[1] A PCRA petition must be filed within one year of the date that the judgment of sentence became final. **See** 42 Pa.C.S. § 9545(b)(3). A PCRA court only has jurisdiction to entertain claims which satisfy that timing rule or an exception to it. **See** 42 Pa.C.S. § 9545(b)(1). Veneri's judgment of sentence became final in the early 1980s. He makes no attempt to explain how he can satisfy an exception to the timeliness requirements of the PCRA.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/2/19