J-S42013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY WHITAKER | : | |
| | : | |
| Appellant | : | No. 1025 EDA 2019 |

Appeal from the PCRA Order Entered February 27, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0010631-1991

BEFORE: OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 04, 2019**

Tracy Whitaker appeals, *pro se*, from the order entered February 27, 2019, in the Delaware County Court of Common Pleas, dismissing as untimely his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Whitaker seeks relief from the judgment of sentence of 6 years' and 68 days' imprisonment, imposed on February 9, 1995, following the revocation of his parole.  On appeal, he asserts the PCRA court erred in dismissing the petition as untimely because he received ineffective assistance

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

of counsel, and he has a newly discovered fact.[2]  For the reasons discussed below, we affirm.

As we write primarily for the parties, a detailed factual and procedural history is unnecessary.  We briefly note, on June 8, 1992, Whitaker entered a negotiated guilty plea to one count of simple assault and four counts of receiving stolen property.  The trial court sentenced him in accordance with the terms of the plea agreement to an aggregate term of 6 to 24 months' minus one-day imprisonment.  Whitaker did not file a direct appeal.

Subsequently, in an unrelated matter, a jury convicted Whitaker of murder in the first degree.  On January 3, 1995, the trial court sentenced Whitaker to life imprisonment.

Following Whitaker's conviction, a *Gagnon II* parole violation hearing[3] took place on February 9, 1995.  The trial court revoked Whitaker's parole and sentenced him to serve his full back time of 6 years and 68 days, consecutive to the life sentence.  Thus, Whitaker has not yet begun serving this sentence. Whitaker did not file an appeal.

_____

[2] For ease of disposition, we have reordered the issues in Whitaker's brief. Moreover, because of our holding that the petition is untimely, we do not address Whitaker's third issue, his 1992 guilty plea was not knowing, intelligent, and voluntary.

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

On October 30, 2017, Whitaker, acting *pro se*, filed the instant PCRA petition. On November 17, 2017, the PCRA court appointed counsel. On January 23, 2019, counsel moved to withdraw.[4] On January 25, 2019, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1) and granted counsel's motion to withdraw. On February 13, 2019, Whitaker, acting *pro se*, filed an amended PCRA petition, which the court deemed to be a response to the Rule 907 notice. On February 27, 2019, the PCRA court dismissed the petition as untimely filed. This timely appeal follows.[5]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court determined, *inter alia*, Whitaker's petition was untimely. We agree. A petitioner must file a PCRA within one year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super.2007), *appeal denied*, 597 Pa. 715, 951

---

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] In response to the PCRA court's order, Whitaker filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on April 3, 2019. On May 1, 2019, the PCRA court issued an opinion.

> A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)).  The court cannot ignore a petition's untimeliness and reach the merits of the petition.  **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014).

Whitaker's judgment of sentence became final on March 13, 1995,[6] 30 days after the trial court revoked his parole and he failed to appeal to this court.  **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).  Therefore, he had until March 13, 1996, to file a timely PCRA petition.  His petition, filed October 30, 2017, is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

---

[6] The thirtieth day, March 11, 1995, was a Saturday.

- 4 -

Here, Whitaker claims he received ineffective assistance of plea counsel. However, this claim does not fall within any of the statutory exceptions. First, the PCRA provides, "for purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained." 42 Pa.C.S.A. § 9545(b)(4). Therefore, Whitaker's claim does not fall within the "governmental interference" exception. 42 Pa.C.S.A. § 9454(b)(1)(i). Second, our Supreme Court has held "a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for [newly-discovered facts]." *Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 785 (Pa. 2000). Therefore, Whitaker's claim does not satisfy the newly discovered fact exception. 42 Pa.C.S.A. § 9545(b)(1)(ii). Finally, Whitaker's ineffectiveness claim does not implicate the PCRA's exception for a newly recognized constitutional right that applies retroactively. 42 Pa.C.S.A. § 9545(b)(1)(iii). This contention does not merit relief.

Next, Whitaker attempts to invoke the previously unknown facts exception set forth in Subsection 9545(b)(1)(ii). Until recently, a petitioner invoking an exception had to file his petition within 60 days of the date he or she could have presented the claim.[7]

---

[7] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.

This Court has previously explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:
>
>> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176–177 (Pa. Super. 2015) (some citations and quotation marks omitted, emphases in original), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Accordingly, before we may consider whether Whitaker's substantive claim of after-discovered evidence merits relief, we must first determine whether he has established "there were facts unknown to him and that he exercised due diligence in discovering those facts." ***Id.*** at 176. Here, Whitaker has failed to do so.

Whitaker contends he recently discovered the criminal informations filed in the underlying case were *void ab initio* because there was no official records filed until 2007 that demonstrated the assistant district attorney who filed the information had sworn his oath of office and/or the district attorney had given the assistant district attorney the authority to sign informations. Whitaker's Brief, at 9-13. Even assuming, *arguendo*, this constitutes a fact which was previously unknown to him, Whitaker has not demonstrated he acted with due diligence. The criminal informations became part of the public docket, at the latest, on June 8, 1992, when Whitaker executed them during his guilty plea colloquy. ***See*** PCRA Court Opinion, 5/01/2019, at 4. Whitaker has not explained why he waited over twenty-four years to inquire about them. "A petitioner must . . . explain why his asserted facts could not have been ascertained earlier with the exercise of due diligence." ***Commonwealth v.***

*Taylor*, 933 A.2d 1035, 1041 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citation omitted). Here, Whitaker has failed to show he complied with the due diligence requirement of 42 Pa.C.S.A. § 9545(b)(1)(ii). *See Taylor*, *supra* at 1041. Thus, this claim does not merit relief.[8]

Accordingly, because we agree with the ruling of the PCRA court that Whitaker did not timely file his PCRA petition and he failed to establish the applicability of any of the time-for-filing exceptions, we affirm the order dismissing his petition without first conducting an evidentiary hearing.

Order affirmed.

_____

[8] Even if we were to conclude that Whitaker had exercised due diligence, he would not be entitled to relief. As the Commonwealth correctly notes, Commonwealth's Brief at 13, a defendant must bring any challenges to alleged defects in the criminal information prior to either trial or the entry of a guilty plea or else he waives the claim. *See Commonwealth v. Ford*, 141 A.3d 547, 554-556 (Pa. Super. 2016) (holding failure to challenge alleged defect in criminal information in trial court results in waiver), *appeal denied*, 164 A.2d 483 (Pa. 2016). Moreover, this issue would not support a claim of ineffective assistance of counsel because we have long held defects in the signature on a criminal information "renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash." *Commonwealth v. Veneri*, 452 A.2d 784, 788 (Pa. Super. 1982). Whitaker would not be able to show the outcome of the case would have been different had trial counsel raised the issue in a pre-trial motion. As we noted in *Veneri*, the signature issue made the information merely voidable. *See id.* Had plea counsel raised the issue, the Commonwealth surely would have had the right to amend the information and, presumably, would have likely done so. *Id.*; *see also Ford*, *supra* at 555-556.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/19