J-S32043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY JOHN VENERI, JR. | : | |
| | : | |
| Appellant | : | No. 912 EDA 2020 |

Appeal from the PCRA Order Entered March 4, 2020,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0003526-1978,
CP-23-CR-0003713-1978.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY JOHN VENERI, JR. | : | |
| | : | |
| Appellant | : | No. 1387 EDA 2020 |

Appeal from the PCRA Order Entered March 4, 2020,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0003526-1978,
CP-23-CR-0003713-1978.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM PER CURIAM:                **FILED SEPTEMBER 11, 2020**

---

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated appeals, Anthony John Veneri, Jr., presents a *pro se* challenge to the order denying his latest petitions filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On January 31, 1979, a jury convicted Veneri of two bank robberies and related charges. The trial court sentenced him to twenty-five to fifty years of imprisonment to be served consecutive to a previously imposed sentence for armed robbery imposed by another state. Veneri filed a timely appeal to this Court, and we affirmed his judgment of sentence on November 19, 1982. **Commonwealth v. Veneri**, 452 A.2d 784 (Pa. Super. 1982) (*en banc*). Our Supreme Court denied Veneri's *allocatur* petition on September 13, 1983.

Over the ensuing decades Veneri unsuccessfully has sought post-conviction relief. Veneri filed the instant "Petition for this Court Depriving [Veneri's] Rights Under Color of State Law" on January 14, 2020, and a "Petition for Writ of Habeas Corpus Nunc Pro Tunc" the next day. In both filings, Veneri asserted several claims, including a claim that the bills of information filed against him were void and claims of ineffective assistance of counsel.

On January 27, 2020, following review of Veneri's petitions and the record as a whole, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent

to dismiss without a hearing.[1]  Veneri did not file a response.  By order entered March 4, 2020, the PCRA court entered an order dismissing Veneri's petitions. These timely appeals followed.  The PCRA court did not require Pa.R.A.P. 1925 compliance.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Veneri has filed a handwritten/printed brief and supplement thereto which marginally complies with our briefing requirements.  Before reaching any of his "issues" however, we must first determine whether the PCRA court correctly determined that Veneri's most recent petitions were untimely filed.

Initially, as noted by the PCRA court, the PCRA is intended to be the sole means of achieving post-conviction relief and that the statute has subsumed the writ of *habeas corpus*.  **See** 42 Pa.C.S.A. § 9542; **Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013).  Thus, Veneri's most recent filings are subject to the PCRA's time restrictions.

---

[1] Although the PCRA court referenced the Rule 907 notice order in its subsequent order denying Veneri's petitions, this order does not appear in the electronic record.  In addition, we note that Veneri has filed multiple petitions after he took the instant appeal.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, this Court has previously held that, "pursuant to 42 Pa.C.S. § 9545(b)(3), [Veneri's] judgment of sentence became final ninety days after

_____

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

- 4 -

September 13, 1983, when he did not seek review of our Supreme Court's denial of relief." **Veneri**, unpublished memorandum at 3. Because Veneri filed the petitions at issue three decades later, they are patently untimely, unless Veneri satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

In his latest petitions, Veneri has failed to acknowledge, let alone plead and prove the applicability of any of the PCRA's time-bar exceptions. In his original and supplemental "briefs," Veneri avers that he is "submitting to this Honorable Court, newly discovered issues," and, once again, claims that his trial counsel was ineffective for failing to argue the bills of information were "void-in-limine." Veneri's Brief at 3. The PCRA court correctly addressed this issue:

> [T]he issue of the validity of the Informations filed against [Veneri] in 1978, which [Veneri] raises in [his] present petition, was already decided in his 1982 [direct appeal] in **Commonwealth v. Veneri**, 452 A.2d 784 (Pa. Super. 1982) [(*en banc*)] and therefore may not be raised in his PCRA. 42 Pa.C.S.A. §9543(a)(3). Moreover, [Veneri's] contention that the Informations charging him were "void in limine" is meritless.

PCRA Court Opinion, 4/15/20, at 3-4.

In **Veneri**, an *en banc* panel of this Court concluded that then Pa.R.Crim.P. 225(b) (now Rule 560(B))'s requirement of that actual signature of the attorney for the Commonwealth, was "directory only and that its absence renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash." **Veneri**, 452 A.2d at 788.

In Veneri's case, we found he waived this challenge because he raised it for the first time on appeal. ***Id.*** Although Veneri now claims, as he did in multiple prior filings, that trial counsel was ineffective for failing to timely raise this defect, claims of ineffectiveness do not establish a timeliness exception under the PCRA. ***See*** 42 Pa.C.S.A. § 95459(b)(4) (providing, "For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained"); ***Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013) (explaining allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA).

In sum, because Veneri's latest petitions are patently untimely and Veneri cannot avail himself of any of the PCRA's time-bar exceptions, the PCRA court did not error in denying them.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/20

- 6 -